**228 P.2d 947**

**STATE v. ARDOVINO.**

**No. 5323.**

Supreme Court of New Mexico.

March 15, 1951.

J. B. Newell, Las Cruces, for appellant.
Joe L. Martinez, Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for appellee.

FEDERICI, District Judge.

Upon a plea of not guilty a district court trial jury found the appellant guilty as charged in the information and he appeals from the judgment and sentence imposed upon him by the trial court. The information to which appellant pleaded not guilty, omitting the formal parts thereof reads: "* * * did unlawfully own, operate, possess, play and run games of chance, to-wit: roulette, dice, black jack—poker, and slot machines, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of New Mexico."

This information was undoubtedly attempted to be drawn under § 41–2201, New Mexico Statutes 1941 Annotated, which provides in part: "It shall hereafter be unlawful to play at, run, or operate any game or games, of chance such as * * * roulette, * * * poker, * * * black jack or any other game or games of chance played with dice, * * * slot machines, * * * *for money or anything of value* * * * ." (Emphasis ours.)

The appellant offered no evidence in the trial below. The state having rested its case, defense counsel moved the trial court for a directed verdict, and, among other reasons, stated in his motion that: "The information does not allege an offense under the Statutes of the State of New Mex-

ico." After discussion between court and counsel, not of record, the trial court suggested that he would permit an amendment of the information to conform to the evidence, whereupon the prosecutor then moved that the information be amended so as to add thereto the allegation *"for money or anything of value,"* (emphasis ours) which motion was resisted by defense counsel as being a motion to amend as to substance rather than form and as not being permitted by our statutes after the case had gone to trial. The amendment was permitted by the trial court, to which ruling exception was taken by defense counsel.

With reference to the allegations of the information involved in the case at bar, the identical situation was before this court in State v. Valdez, 51 N.M. 393, 185 P.2d 977, 978, and the unanimous opinion of this court was stated in the following language:

"* * * The omission is of matter of substance, and not a defect or imperfection in the matter of form only within the meaning of the statute. * * *

"The pleader, by omitting the allegation that the operation of such game was 'for money or anything of value' failed to charge them with any offense."

In the case just cited this court remanded the case with direction to quash the information, notwithstanding the fact that

appellants in the court below had been sentenced upon a plea of guilty. This court held that since the information charged no public offense their pleas of guilty "confessed nothing."

If a plea of guilty ·in State v. Valdez, supra, confessed nothing, then a plea of not guilty as interposed in the case at bar certainly raised no issue as to whether or not an offense had been committed for no offense was charged.

As to the amendment of the information suggested and permitted by the trial court over timely objection made by defense counsel, the brief of the Attorney General cites no cases supporting the action of the trial court, and our search does not satisfy us that the ruling of the trial court was not erroneous. Subsection (1) of § 42–637, N.M. Statutes Annotated, provides as follows: "No indictment or ·information *that charges an offense in accordance with the provisions of section 42–607* shall be invalid or insufficient because of any defect or imperfection in, or omission of, *any matter of form only,* * * * or because of the use of sign, symbol, figure or abbreviation, or because of any similar defect, imperfection or omission. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any *such* defect, imperfection or omission." (Emphasis ours.) .

It will be noted that the above ·provision of law or rule permits an amendment at any time only if the information originally charged an offense in accordance with the provisions of § 42–607, N.M. Statutes 1941 Annotated, which section provides as follows:

"(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating. so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in . terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or sub-section of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard. shall be had to such reference."

It will be noted that in the case at bar the information does not refer to the section of the statute creating the offense, and consequently subsection (2) of section 42–607, supra, cannot be invoked.

We hold therefore that since the original information did not charge "an offense in accordance with the provisions of section 42–607", State v. Valdez, supra, that subsection (1) of § 42–637, supra, is no authority for the amendment permitted by the trial court.

Subsection (2) of § 42–637, supra, provides as follows: "No variance between those allegations of an indictment, information or bill of particulars, *which state the particulars of the offense,* whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance, to conform to the evidence." (Emphasis ours.)

Here again the original information did not "state the particulars of the offense", State v. Valdez, supra, and consequently subsection (2) of § 42–637 is likewise no authority for the amendment permitted by the trial court.

Subsection (3) of § 42–637 has no application in the case at bar in that the same does not deal with amendments to informations, and furthermore is still limited to such defects, imperfections, or omissions, or variances as may pertain to matters of form only, and contemplates that the information originally charged an offense. The same is true of subsection (4) of § 42–637, supra, in that the same is not applicable here in that the subsection does not deal with amendments and is applicable only in contemplation that the information originally charged an offense.

In the case at bar therefore no offense was charged in the information until, over timely objection, the amendment was permitted after all of the evidence was introduced in the trial below, and under the decisions of this court, and under the statutes and trial rules of this state, it was error for the trial court to permit the amendment.

In as much as the information failed to state an offense at the time of arraignment and entry of plea of not guilty, the appellant was not placed in jeopardy, and the district attorney may file a new information if he so desires. It is unnecessary to pass on the other assignments of error.

The judgment will be reversed, and the cause remanded with direction to the district court to quash the information.

It is so ordered.

LUJAN, C. J., SADLER and COORS, JJ., and SWOPE, D. J., concur.