244 P.2d 783

**STATE v. FERGUSON.**

No. 5504.

Supreme Court of New Mexico.

May 26, 1952.

Perry S. Key, Frank L. Horan, Albuquerque, for appellant.

Joe L. Martinez, Atty. Gen., W. F. Kitts, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

Appellant was convicted upon an information in the district court of Bernalillo County which, omitting mere formal allegations, reads: " * * * that * * * Jack Ferguson did obtain money from E. O. Wolffarth or Mrs. W. L. Fuller or both of them by means of false representations, said money exceeding the amount of $100.00." He was sentenced to serve a term in the State penitentiary. The validity of the sentence is now challenged on the ground that the information does not charge a public offense.

Obviously, the information was attempted to be drawn under the provisions of Sec. 41–2103, N.M.S.A.1941 Comp., which reads:

"Every person, who *with intent to cheat and defraud*, shall obtain, or attempt to obtain, from any other person or persons any money, property or val-. uable thing whatever by means or by use of any trick or deception or *false* or fraudulent *representation* or statement or pretense, or by any other means or instrument or device commonly called the "confidence game," or by means or by use of any false or bogus check, or by any other printed, written or engraved instrument or spurious coin or metal, shall .be deemed guilty of a felony, and upon conviction shall be punished * * *." (Emphasis ours.)

From a reading of the statute it is seen that intent to cheat and defraud is an essential and constituent element of the offense attempted to be charged. Mere false representations, under the statute, become criminal only when accompanied by an intent to cheat and defraud. State v. Shedoudy, 45 N.M. 516, 118 P.2d 280; State v. Ardovino, 55 N.M. 161, 228 P.2d 947; State v. Chambers, 179 Iowa 436, 161 N.W. 470. Cf. State v. Shroyer, 49 N.M. 196, 160 P.2d 444.

We therefore conclude that failure to allege intent in general terms or by the use of equivalent words denoting intent, renders the information fatally defective and any judgment based thereon becomes a nullity.

In State v. Shedoudy, supra [45 N.M. 516, 118 P.2d 287], in determining this question, the court said:

" * * * It is the general rule that where a crime is created by statute, defining the offense created, it is sufficient in an indictment or information, to charge the offense in the language of the statute. * * * But where the letter of the statute is broader than the intent of the legislature, the informa-

tion must be so drawn as to effect the legislative intent. * * * criminal intent, if an essential element of an offense, may be charged in general terms * * * or by the use of equivalent words."

Section 42-607, N.M.S.A., 1941 Comp., provides an offense may be charged in the following manner:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

It is clear that the pleader did not employ section (a) since the offense sought to be charged was not a crime at common law, nor did he charge the essential elements of the statute defining the offense as provided by section (b).

█ Subsection (2) provides that an information may refer to a section or subsection of any statute creating the offense charged and in determining the validity or sufficiency of the information, regards must be had to such reference. Appearing upon the back of the information is found the fol-lowing endorsement: "Law: Sec. 41-2103 NM SA—1941," and it is argued by appellee that such reference lends support to its validity. This might be so had the information charged the essentials of the offense in general terms or by the use of equivalent words. Conversely, such a reference to a statute will not suffice to state an offense where its constituent and essential elements are omitted from the information itself.

█ The sufficiency of the information was first challenged by motion in arrest of judgment and it is argued that we should consider the question with caution since it was raised after verdict. Ordinarily, every intendment will be indulged in support of an information attacked after verdict, Crapo v. United States, 10 Cir., 100 F.2d 996; United States v. Beck, 7 Cir., 118 F.2d 178, but the question presented is jurisdictional and may be raised after verdict or even here for the first time. Territory of New Mexico v. Cortez, 15 N.M. 92, 103 P. 264; State v. Valdez, 51 N.M. 393, 185 P.2d 977; State v. Ardovino, supra; State v. Woolman, 84 Utah 23, 33 P.2d 640, 93 A.L.R. 723; United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404.

█ It follows that appellant has not been placed in jeopardy and the district attorney may file a new information if he desires.

The judgment will be reversed and the cause remanded to the trial court with directions to quash the information and discharge appellant. And it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.