466 P.2d 118

**CITY OF ALBUQUERQUE, Plaintiff-Appellee,**

v.

**Rose SANCHEZ and Vickie Padilla, Defendants-Appellants.**

**No. 381.**

Court of Appeals of New Mexico.

Feb. 13, 1970.

Robert E. Melton, Albuquerque, for appellee.

Timothy P. Woolston, Albuquerque, for appellants.

## OPINION

HENDLEY, Judge.

Defendants pleaded guilty, in Municipal Court, to petty larceny and were sentenced. Subsequently, they appealed to the district court. The City moved to dismiss the appeal on the grounds that a plea of guilty does not entitle defendants to appeal. The district court granted the City's motion to dismiss and defendants appeal that ruling.

We reverse for reasons hereinafter stated.

Section 21–10–1, N.M.S.A. 1953 (Supp. 1969) states:

"All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."

The question presented is whether one who pleads guilty in an inferior court may appeal to the district court.

The City argues that "[t]o allow an appeal to be taken after a guilty plea * * * would seriously impede or delay the orderly and speedy administration of justice in both the inferior and superior courts." With this we do not agree, but assuming it is correct, then this is a situation which calls for legislative therapy and not judicial surgery.

Here the framers of our Constitution saw fit to provide for de novo appeals in all cases from the probate courts and other inferior courts by Art. VI, § 27 of the New Mexico Constitution which reads:

"Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law. (As amended November 8, 1966)."

They imposed no condition except a proviso that the Legislature could, by law, change the right granted. We can find no such change nor have we been cited to any. Section 21–10–1, supra, makes no change to support the City's position. The terms of that section are clear and without limitation.

The defendants have a right of appeal to the district court by the plain terms of § 21–10–1, supra. This right of appeal is the right to have the case disposed of upon its merits, de novo, in the district court. Our statute vests the district court with coordinate jurisdiction to proceed in the case as if it had been originally commenced in that court.

The Order granting the City's Motion to Dismiss the Appeal should be set aside and defendants' cases reinstated on the court docket.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.