634 P.2d 1294

STATE of New Mexico,
Plaintiff-Appellee,

v.

William Ruel GIBSON,
Defendant-Appellant.

No. 5312.

Court of Appeals of New Mexico.

Sept. 17, 1981.

Michael W. Lilley, Las Cruces, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

This appeal involves defendant's effort to be relieved of a provision of his plea bargain without giving up the benefits he obtained in that bargain.

Defendant was charged with a robbery in January, 1981 while armed with a deadly weapon. The plea and disposition agreement, signed by defendant and his counsel and approved by the trial court, gave defendant the benefit of pleading guilty to simple robbery, thereby reducing his crime from a second degree to a third degree felony. Another benefit was that sentence was to be deferred for four years and defendant was to be placed on probation. Specific conditions of probation were included in the agreement. One of the specific conditions, agreed to by defendant and his counsel, was:

Defendant shall not live in Luna County, New Mexico, without the express permission of the Court and the Adult Probation Officer and the District Attorney.

Judgment was entered in accordance with the plea and disposition agreement. Subsequently, defendant sought to have the judgment modified by eliminating the probation condition that he not live in Luna County without permission. The trial court denied the motion to modify, pointing out that defendant had killed a policeman in Deming, Luna County, in July, 1979. The trial court ruled that the requirement against living in Luna County "is reasonably related to Gibson's rehabilitation and safety."

Defendant appealed the denial of the motion to modify. His docketing statement asserted that the trial court erred because the "condition * * * that he not live in Luna County without permission * * * amounts to an illegal and void sentence * * violates fundamental public policy, is in excess of the court's statutory authority because it is not reasonably related to Defend-

ant's rehabilitation, and violates Defendant's constitutional rights to privacy, travel and association."

Our calendar assignment proposed summary affirmance on the basis that defendant must keep his part of the plea bargain.

Defendant filed a timely memorandum opposing summary affirmance. The memorandum asserts:

[A] court cannot banish a defendant from a state or locality, even when the defendant agrees to the banishment.

\* \* \* \* \* \*

Even if banishment in a particular case is reasonably related to rehabilitation, the public policy against allowing a political division to dump undersirables [sic] onto other divisions overrides any isolated rehabilitative benefit of banishment.

\* \* \* \* \* \*

Regardless of the individual circumstances of this case and Defendant's agreement to the banishment provision, public policy still renders banishment illegal and void as a condition of probation.

■ We assume, for the purposes of this appeal, that the trial court lacks authority to banish, even when a defendant agrees to it. See *People v. Baum*, 251 Mich. 187, 231 N.W. 95 (1930), which held that banishment "is not authorized by statute, and is impliedly prohibited by public policy." What, then, is the effect of this assumption on this appeal?

Defendant has not attacked the validity of his guilty plea or the validity of the plea and disposition agreement. He seeks to be relieved of one of his probation conditions, to which he agreed, while leaving the remainder of the agreement intact. Specifically, he seeks to welsh on his part of the bargain. *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977); see *Baird v. State*, 90 N.M. 667, 568 P.2d 193 (1977). If a plea agreement is not followed in *all* its parts, the entire agreement is rejected. *Eller v. State*, 92 N.M. 52, 582 P.2d 824 (1978).

On the assumption made in this appeal that authority is lacking for the banishment provision, defendant may seek to have the entire plea and disposition agreement set

aside, thus reinstating the charge of robbery while armed with a deadly weapon. This opinion does not foreclose such a motion in the trial court.

 We hold only that a plea bargain stands or falls as a unit. Defendant may not be relieved of a part of his plea bargain without giving up benefits he received in the bargain.

The order denying the motion to modify is affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.