641 P.2d 1078

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Orlando BAZAN, Defendant-Appellant.**

**No. 5362.**

Court of Appeals of New Mexico.

Jan. 28, 1982.
Writ of Certiorari Denied Feb. 26, 1982.

Ralph C. Binford, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

The sole issue presented by this appeal is whether the defendant was entitled, as a matter of right, to a trial de novo in district court following judgment against him on his guilty plea and disposition agreement in

the metropolitan court. The trial court decided he was not; we affirm.

Defendant was charged in metropolitan court with three misdemeanor offenses. He entered into a plea and disposition agreement with the State, and the agreement was approved by a judge of the metropolitan court. Under that agreement, the State dismissed two of the misdemeanors and defendant pleaded guilty to driving while intoxicated, second offense. He was sentenced to imprisonment for 180 days. Defendant appealed his conviction to district court.

The district judge dismissed defendant's appeal, on the State's motion, finding:

1. *City of Albuquerque v. Sanchez*, 81 N.M. 272, 466 P.2d 118 (1970), is inapplicable to these cases as there was no plea and disposition agreement in *Sanchez* (supra), rather, a plea of guilty to the charges.
2. There has been no allegation that the State has breached the plea and disposition agreement.
3. That there has been no allegation that the sentences from the lower court were illegal.
4. That there has been no allegation by defense counsel that they attempted to withdraw the plea and disposition agreement in the lower court.
5. That the plea and disposition agreement executed by and between the State of New Mexico and the respective defendant is a contract.
6. That the defendants have not claimed that an ambiguity exists in the plea and disposition agreement signed by the State in respect of defendants.
7. That the defendants have not asserted or claimed that the plea agreement was involuntary.
8. That the defendants may appeal a conviction resulting from a plea of guilty or nolo contendere. However defendants may not appeal a conviction, nor a sentence entered after the court accepts a plea and disposition agreement, absent a showing of an abuse of discretion, due to their having waived same.

The final order of the district court provided "that the defendant has no right to a trial de novo upon appeal of a conviction after a plea of guilty on a plea and disposition agreement entered in the metropolitan court."

The district court remanded the case to the metropolitan court for imposition of the sentence.

We discuss two grounds for upholding the trial court's decision: (1) defendant waived his right to appeal his conviction by his plea and disposition agreement; (2) defendant is not an aggrieved party.

■ 1. Defendant waived his right to appeal his conviction by entering into the plea and disposition agreement, which is substantially the same as Criminal Form 7.00, N.M.S.A.1978.

The two pertinent provisions of the agreement are as follows:

4. Unless this plea is rejected or withdrawn, that the defendant hereby gives up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to be the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement.

\*  \*  \*  \*  \*  \*

I have read and understand the above. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading (guilty) (no contest) I will be giving up my right to a trial by jury, to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination. I agree to enter my plea as indicated above on the terms and conditions set forth herein: \* \* \*

According to *Baird v. State*, 90 N.M. 667, 568 P.2d 193 (1977), those two provisions of the plea and disposition agreement amount to a valid waiver of defendant's right to appeal. Baird entered a plea of no contest to a charge of involuntary manslaughter.

The Supreme Court held that presence of the District Attorney during deliberation of the grand jury was specifically and unequivocally prohibited by law, but defendant waived her objections to the grand jury proceedings by entering into a plea and disposition agreement which was approved and accepted by the trial court through a plea of no contest to the charge. At 90 N.M. 669, 568 P.2d 193, the Supreme Court said:

Defendant contends that the defects of the grand jury proceedings were so fundamental that they cannot be waived. We do not agree. Fundamental constitutional rights may be waived by a defendant. [Citations omitted.] Likewise, violations of rights created by statute may also be waived.

The waiver in *Baird* was held to stem from clause 4 of Baird's plea and disposition agreement (the same as clause 4 of the plea and disposition agreement in this case) and from the voluntariness of the plea. The court noted, at 90 N.M. 670, 568 P.2d 193:

Plea negotiation involves an exchange of concessions and advantages between the State and the accused. * * * In this case, the concession granted by the defendant in paragraph 4 of the plea agreement operated as a waiver of the objections raised in this appeal.

Second, the plea of no contest itself operated as a waiver of defendant's right to object to the claimed statutory defects and the grand jury proceedings. [Citation omitted.] There is no claim that the no contest plea was involuntarily made or made with other than full awareness on the part of the defendant.

Plea agreements, absent constitutional invalidity, are binding upon both parties. *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977). Neither can a defendant be relieved of one provision of a plea agreement without giving up all of the benefits he received in the bargain. *State v. Gibson*, 96 N.M. 742, 634 P.2d 1294 (Ct.App.1981).

In the plea and disposition agreement in this case, the defendant gave up "any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter" to the court's entry of judgment and sentence. That agreement was a waiver of defendant's right to appeal to the district court for a trial de novo; and since defendant did not attempt to withdraw the agreement, made no allegation either in his docketing statement or in his brief of constitutional invalidity of the plea and disposition agreement, and has alleged no error in the agreement, he is bound by its terms. *State v. Gallegos, supra*.

■ 2. Defendant is not an aggrieved party under any applicable rule, statute, or New Mexico constitutional provision.

Those provisions, applicable to appeals from metropolitan court to district court, are as follows:

New Mexico Constitution, Art. VI, § 27:

Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals trials shall be had de novo unless otherwise provided by law.

Section 39–3–1, N.M.S.A. 1978:

All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law.

Section 34–8A–6, N.M.S.A. 1978:

C. Any person aggrieved by any judgment rendered by the metropolitan court may appeal to the district court of the county in which such judgment has been rendered within fifteen days after entry of judgment. All criminal trials upon appeal from the metropolitan court shall be de novo unless otherwise specified by supreme court rule.

Metropolitan Court R.P. 71, N.M.S.A. 1978:

(a) Right of appeal by defendant. A defendant who is aggrieved by any judgment rendered by the metropolitan court may appeal to the district court of the county within which the metropolitan court is located within fifteen days after entry of the judgment or final order.

* * * * * *

(i) Trial de novo. All trials upon appeals from the metropolitan court to the district court shall be de novo and shall be governed by the Rules of Criminal Procedure for the district courts.

This Court described an aggrieved party in *State v. Castillo*, 94 N.M. 352, 354, 610 P.2d 756, 758 (Ct.App.1980):

> [T]he N.M.Const., art. VI, § 2, provides that an aggrieved party shall have an absolute right to at least one appeal. An aggrieved party is one whose personal interests are adversely affected by an order of the court. *Pernell v. State*, 92 N.M. 490, 590 P.2d 638 (1979).

The defendant relies upon *City of Albuquerque v. Sanchez*, 81 N.M. 272, 466 P.2d 118 (Ct.App.1970). *Sanchez* can be distinguished from the present case. In *Sanchez*, the defendant pled guilty in municipal court, was sentenced and subsequently appealed. The district court dismissed the appeal; the Court of Appeals held, on review, that notwithstanding the plea of guilty in municipal court, defendant was entitled to appeal to the district court and to have the case disposed of on the merits, de novo. Applicable provisions at that time were N.M.Const., art. VI, § 27, and § 21–10–1, N.M.S.A. 1953 (now codified as 39–3–1, N.M.S.A. 1978). At 81 N.M. 273, the court held:

> The defendants have a right to appeal to the district court by the plain terms of § 21–10–1, supra. This right of appeal is the right to have the case disposed of upon its merits, de novo, in the district court.

To the City's argument that "[t]o allow an appeal to be taken after a guilty plea * * * would seriously impede or delay the orderly and speedy administration of justice in both the inferior and superior courts," Judge Hendley, writing for the court, responded:

> [W]e do not agree, but assuming it is correct, then this is a situation which calls for legislative therapy and not judicial surgery.

81 N.M. at 273.

Legislative therapy has taken place by its enactment in 1979, and amendment in 1980, of § 34–8A–6C, N.M.S.A. 1978, *supra*. The Supreme Court Rule of Procedure for Metropolitan Court 71, N.M.S.A. 1978, adopted in 1980, likewise required that a party be an aggrieved party in order to take an appeal from the metropolitan court to the district court.

Defendant insists that whether defendant is "aggrieved," raised by the State, should not be addressed by us because he did not raise it below or in his docketing statement. The issue cannot be avoided; it is a threshold question thrust upon us by defendant's attempt to appeal to the district court and asking our review of the district court's order denying that appeal.

Under the aforementioned provisions, one who agrees not to be aggrieved by entering into the plea and disposition agreement, who alleges no constitutional invalidity in the plea and disposition agreement, and who does not seek to have his plea and disposition agreement withdrawn, is not an aggrieved party.

The order of dismissal is affirmed; the case is remanded for execution of the sentence imposed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.