900 P.2d 967

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Larry MONTANO, Defendant–Appellant.**

**Nos. 16145, 16164.**

Court of Appeals of New Mexico.

May 26, 1995.

Certiorari Denied July 12, 1995.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Leonard J. Foster, Albuquerque, for defendant-appellant.

## OPINION

APODACA, Chief Judge.

Defendant, who was seventeen years of age at the time of the offense, appeals his sentence as an adult for the crime of attempt to commit a felony. He raises an issue of first impression by challenging the district court's authority to sentence him as an adult for a crime not listed in the statute as one allowing the imposition of adult sanctions. Our calendar notice proposed summary affirmance. Defendant filed a memorandum opposing our proposed disposition. Not persuaded by Defendant's arguments, we affirm.

Defendant was charged in two indictments with eighteen counts of various crimes. He entered into a plea agreement pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In the plea agreement, Defendant stipulated "that he cannot be rehabilitated in available juvenile facilities and is not eligible for commitment by reason of developmental disability or mental disorder, and will therefore be sentenced to adult penalties." He was convicted of one count of attempt to commit a felony, one count of dangerous use of explosives, and two counts of aggravated battery. Defendant was sentenced as an adult for each of these offenses. After sentencing, Defendant's counsel moved to partially vacate or modify the disposition, asserting that Defendant could not be sentenced as an adult for the crime of attempt to commit a felony. The motion was denied. On appeal, Defendant claims that denial of this motion was error.

In 1993, the legislature amended the Children's Code, giving the children's court discretion to impose either adult or juvenile sanctions on a youthful offender. *See* NMSA 1978, § 32A–2–20 (Repl.Pamp.1993). The relevant definition of a youthful offender is "a delinquent child subject to adult or juvenile sanctions who is: (1) fifteen to eighteen years of age at the time of the offense and who is adjudicated for at least one of the following offenses: ... (d) aggravated battery ... [or] (f) dangerous use of explosives." NMSA 1978, § 32A–2–3(I) (Repl.Pamp.1993);

*see also* NMSA 1978, § 31–18–15.2(B) (Repl. Pamp.1994). If a youthful offender is to be sentenced as an adult, the children's court must determine that the child is not amenable to treatment or rehabilitation as a child in available facilities and is not eligible for commitment to an institution for the developmentally disabled or mentally disordered. Section 32A–2–20(B).

Defendant clearly met the criteria in Section 32A–2–3(I), defining youthful offenders, because he was seventeen years old at the time of the offenses and was adjudicated for at least one of the enumerated offenses. *See* § 32A–2–3(I)(1)(d), (f). It is also clear that the offense of attempt to commit a felony is not one of the enumerated offenses defining a youthful offender.

Nevertheless, Defendant challenges the district court's authority to sentence him as an adult for the crime of attempt to commit a felony since that particular crime is not one of the enumerated offenses in this statute. We are not persuaded that the legislature intended that a juvenile could be punished as an adult only for the enumerated offenses. In *State v. Garcia,* 93 N.M. 51, 53–54, 596 P.2d 264, 266–67 (1979), our Supreme Court stated that a district court obtains personal jurisdiction over a child and subject matter jurisdiction over the entire case when a children's court determines that a juvenile should be prosecuted as an adult. *See also State v. Taylor,* 107 N.M. 66, 69, 752 P.2d 781, 784 (1988). In rejecting the defendant's argument that the district court did not have jurisdiction over charges that were not included in the transfer order, the *Garcia* court recognized the anomaly that, if it were to hold that the district court had jurisdiction to try the defendant for the charges of murder or felony murder and the children's court retained jurisdiction to try him for armed robbery, aiding and abetting, and conspiracy, the defendant would be "subject to rehabilitation as a juvenile, while at the same time he could be sentenced to prison as an adult offender." *Garcia,* 93 N.M. at 53, 596 P.2d at 266.

Defendant attempts to distinguish *Garcia* and *Taylor,* contending that the policy behind those decisions was to prevent fragmentation of the proceedings arising from the same charges. Defendant notes that cases are commonly bound over to the district court with both felony and misdemeanor charges. He also asserts that the district court could effectively address the anomaly in sentencing defendant as both an adult and as a juvenile. Although we recognize the theoretical possibilities in such a dual sentencing scheme, these possibilities fail to address the anomaly of sentencing a defendant to be rehabilitated as a juvenile when there has been a determination that the defendant cannot be rehabilitated in available juvenile facilities.

The provisions of Section 32A–2–20(D) also support rejecting Defendant's arguments. This subsection states in part:

A youthful offender given an adult sentence shall be treated as an adult offender and shall be transferred to the legal custody of an agency responsible for incarceration of persons sentenced to adult sentences. This transfer terminates the jurisdiction of the court over the child with respect to delinquent acts alleged in the petition.

Section 32A–2–20(D). Although criminal statutes are to be strictly construed, *Santillanes v. State,* 115 N.M. 215, 221, 849 P.2d 358, 364 (1993), we will not interpret a statute in such a way as to render its application unreasonable, *Garcia,* 93 N.M. at 53, 596 P.2d at 266. Based on the statutory scheme and caselaw concerning the transfer of juveniles to district court, we believe that the legislature intended any juvenile who is adjudicated for any of the offenses under Section 32A–2–d(I) to be subject to adult sanctions under Section 32A–2–20 for *any offense* in the same case. Consequently, we affirm Defendant's sentence as an adult for the crime of attempt to commit a felony. ·

Defendant next argues he was denied effective assistance of counsel for failing to raise the issue discussed above before Defendant entered into the plea agreement. Having determined that the district court properly sentenced Defendant as an adult for the crime of attempt to commit a felony, we are not persuaded that the advice Defendant received before entering into the plea agree-

ment or the representation provided by counsel throughout the proceedings fell below the standard of a reasonable competent defense attorney. *See State v. Stenz,* 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct.App.) (counsel is not ineffective for failing to make a motion that is not supported by the record), *cert. denied,* 109 N.M. 562, 787 P.2d 842 (1990).

We affirm Defendant's sentence as an adult for attempt to commit a felony.

**IT IS SO ORDERED.**

ALARID and BUSTAMANTE, JJ., concur.