1998-NMCA-041

955 P.2d 201

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**MICHAEL S., Respondent–Appellant.**

No. 18269.

Court of Appeals of New Mexico.

Jan. 28, 1998.

Tom Udall, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Leonard J. Foster, Albuquerque, for Defendant–Appellant.

*OPINION*

PICKARD, Judge.

1. The issue we address in this case is what time limit applies to the trial of youthful offenders under the Children's Code—no time limit, the 30- or 90-day time limit found in the Children's Court Rules, or the six-month time limit found in the Rules of Criminal Procedure. We hold that the six-month rule applies. We also address summarily and reject Respondent's contention that the 20-day time limit on dispositional hearings applies to his sentencing. Accordingly, we affirm.

2. The controversy in this case arises because, for many years, children alleged to be delinquent for committing serious crimes or who could not be rehabilitated in juvenile facilities could be transferred to district court for trial and disposition. *See* NMSA 1978, §§ 32–1–29 (1981), –30 (1977). During the time Sections 32–1–29 and –30 were in effect, the Children's Court Rules provided that those rules applied only to children's court proceedings. *See* Compiler's Annotations to Rule 10–101, NMRA 1997—Annotation entitled "The 1994 amendment." (This and all further references to the Children's Court Rules are to the rules as they existed prior to the February 1, 1997, amendments, unless expressly otherwise noted.) Although the six-month rule expressly does not apply to children's court proceedings, Rule 5–604(E), NMRA 1997, our cases have held that, once a child was transferred to district court, the six-month rule applied. *See State v. Howell,* 89 N.M. 10, 11, 546 P.2d 858, 859 (Ct.App. 1976). SCRA 1986, 10–222 governed procedure for transfer.

3. In 1993, the Children's Code was substantially rewritten. Gone were the transfer proceedings from the earlier code. In their

place, the 1993 code provides for youthful offenders and serious youthful offenders. A serious youthful offender is a child sixteen or seventeen years of age who is charged with first degree murder; such a person is not subject to the Children's Code. *See* NMSA 1978, § 32A–2–3(H) (1995). A youthful offender is a person fifteen years of age who commits first degree murder or a person between fifteen and seventeen years of age who either commits certain listed offenses or who has a certain prior criminal history. *See* § 32A–2–3(I). Rather than transfer such a person to district court, upon the state's notice of intent to invoke an adult sentence, a probable cause hearing is to be conducted either before the court or a grand jury. *See* NMSA 1978, § 32A–2–20(A) (1995). Then, if the child is adjudicated a youthful offender, the court may invoke an adult sentence if certain conditions are met. *See* § 32A–2–20(B).

4. The 1993 Children's Code provides that the time limits on adjudicatory hearings are those found in the Children's Court Rules. *See* NMSA 1978, § 32A–2–15 (1993). For many years, the time limits on adjudicatory hearings were set by the Children's Court Rules as 30 days if the child was in detention and 90 days if the child was not in detention. *See* Rule 10–226(A) & (B), NMRA 1997. This rule was not changed in response to the 1993 Children's Code, but Rule 10–101 was. In 1994, Rule 10–101(A)(2) was rewritten to state that, except for disposition proceedings, the Rules of Criminal Procedure were to apply to proceedings where a notice of intent has been filed alleging the child is a youthful offender.

5. The Children's Court Rule on transfer procedure was not changed until 1995. Rule 10–222, NMRA 1997 now provides detailed provisions on youthful-offender procedure, including a provision that, after probable cause is found, further proceedings, including the plea, but except for disposition, are governed by the Rules of Criminal Procedure. In this case, the State filed a notice of intent, a probable-cause hearing was held, and the court found probable cause. The State filed an information, and Respondent was arraigned on the information pursuant to the Rules of Criminal Procedure on July 22, 1996. Respondent filed his motion to dismiss for violation of the 30–day rule on November 27, 1996, and it was denied. Respondent pleaded no contest, reserving his right to raise the issue of which time limit applies.

■ 6. The problem in this case arises because the Rules of Criminal Procedure, and particularly the six-month rule, were not amended at the same time as the Children's Court Rules. Thus, Rule 5–604(E) still provides that it does not apply to children's court proceedings. In addition, it was not until February of 1997, effective for cases filed after this case, that Rule 10–226, the Children's Court Rule on time limits for adjudicatory hearings, was amended to specifically address youthful-offender procedure in the circumstance where probable cause was not found for a youthful-offender offense. Vol. 36, No. 1, SBB 8 (Jan.1997). Rule 5–604(E) has still not been amended. For this reason, Respondent (who has been in detention during the entire proceedings) contends that the 30–day time limit of Rule 10–226(A) applies. The State, on the other hand, contends that either no time limit applies or the six-month time limit of Rule 5–604 applies. We agree with the State and hold that the six-month rule applies.

7. In particular, it would be absurd for us to hold that no time limit applies due to the fact that there is literally no rule that expressly covers the situation. Just as we recognize the dangers of reading statutes too literally, *see State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994), we must similarly be on guard not to read rules too literally, *cf. In re Dominick Q.*, 113 N.M. 353, 354, 826 P.2d 574, 576 (Ct.App.1992) (this Court applies same rules of construction to procedural rules as it does to statutes). In view of the important purposes served by time limits on children's court proceedings, we cannot countenance an interpretation of the rules that would provide endless time, subject only to constitutional constraints, in which to try cases involving serious youthful offenders. *See State v. Doe*, 94 N.M. 446, 448, 612 P.2d 238, 240 (Ct.App. 1980).

8. This leaves us with the choice of applying either the 30–day time limit of the Children's Court Rules or the six-month time limit of the Rules of Criminal Procedure. In determining which to choose, we attempt to glean the intent of drafters. Since a literal, plain reading of the words used would lead to absurdity, we look to the historical context. *See State v. Johnson*, 1998 NMCA 019, ¶ 19, 124 N.M. 647, 954 P.2d 79. In doing so, we bear in mind the importance of taking a common-sense approach. *See State v. Isaiah A.*, 1997 NMCA 116, ¶¶ 1, 9–10, 124 N.M. 237, 947 P.2d 1057. In several children's court cases, we have recognized that the rules need not be read absolutely literally. *See Doe*, 94 N.M. at 448, 612 P.2d at 240; *see generally State v. Doe*, 95 N.M. 88, 619 P.2d 192 (Ct.App.1980) (addressing what appeared to be a gap in the statutes pursuant to which a child who committed an offense, but was not charged until after the date of majority, appeared unamendable to either juvenile or adult treatment). We have also recognized that "the procedural rules do not, and were not intended to[,] cover every eventuality." *State v. Doe*, 99 N.M. 460, 463, 659 P.2d 912, 915 (Ct.App.1983).

9. Bearing these principles in mind, we hold that the six-month rule still applies to cases in which probable cause is found for a youthful-offender offense. It is clear to us that that is what the legislature intended in amending the Children's Code in 1993, and that is what the Supreme Court would have enacted by rule had the matter been timely called to its attention in 1993, instead of by a series of rule amendments (still probably incomplete) over the next several years after 1993.

10. As for the disclaimer in the six-month rule (that it does not apply to children's court proceedings), we view the presence of this paragraph as an oversight, the amendment of which would complete the series of rule changes to which we referred in the previous paragraph. For years, the procedure for persons in Respondent's situation was the transfer procedure pursuant to which the case would be transferred to district court and then all rules of criminal procedure, including the six-month rule, would apply. The most obvious purpose for including the disclaimer in the six-month rule was that Rule 10–227, NMRA 1997 provided that the Rules of Criminal Procedure apply to all delinquency trials under the Children's Code. However, that provision was intended to guarantee that the same due-process and other procedures attendant to trials would be guaranteed to children. *See* Committee Commentary to Rule 10–227. The disclaimer in Rule 5–604 was simply designed to make clear that the six-month rule was not such a procedure. Rule 5–604(E) is accurate in stating that it does not apply to ordinary children's court proceedings; however, we hold that Rule 5–604 does apply to youthful-offender proceedings. In this case, the six months would run from July 22, the date on which Respondent was arraigned on the information. *See* Rule 5–604(A), (B)(1).

11. Finally, we address Respondent's contention that the proceedings should be dismissed because he was not sentenced within 20 days of his plea, as Rule 10–101(A)(2) and Rule 10–229, NMRA 1997, require. When Respondent pleaded no contest, however, in his plea and disposition agreement, he waived "*any and all* motions, defenses, objections or requests which he has made or raised, or *could assert hereafter*" except for his motion to dismiss that raised the 30–day versus six-month rule issue. (Second emphasis added.) In addition, Respondent agreed in the plea and disposition agreement that he could be sentenced to an adult sentence of six years, of which zero to four years could be suspended, thereby eliminating any need for a dispositional hearing at which the State needed to prove that the conditions pursuant to which an adult sentence may be imposed were met. Under these circumstances, we hold that Respondent agreed not to be aggrieved by the lack of a timely disposition. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (plea waives all issues except those expressly reserved); *State v. Bazan*, 97 N.M. 531, 534, 641 P.2d 1078, 1081 (Ct.App.1982) (person may agree not to be aggrieved, in which case person cannot bring appeal), *overruled on other grounds by State v. Ball*, 104 N.M. 176, 185, 718 P.2d 686, 695 (1986).

12. The judgment and sentence are affirmed.

13. **IT IS SO ORDERED.**

FLORES and ARMIJO, JJ., concur.