1998-NMCA-053

957 P.2d 525

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**TIMOTHY T., Defendant–Appellant.**

**No. 18559.**

Court of Appeals of New Mexico.

Feb. 19, 1998.

Certiorari Denied April 6, 1998.

Tom Udall, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Nina Lalevic, Assistant Appellate Defender, Santa Fe, for Appellant.

*OPINION*

PICKARD, Judge.

1. The memorandum opinion issued on January 28, 1998, is withdrawn. This opinion is filed in its stead. The motion for rehearing is denied.

2. Defendant appeals from the amended judgment and sentence imposed pursuant to a plea and disposition agreement. He argues that the 20-day time limit of Rule 10–229

NMRA 1997 should have applied. Because this was the same issue, raised under identical facts, as was discussed in *State v. Michael S.*, 1998–NMCA–041, ¶ 11, 124 N.M. 732, 955 P.2d 201 (App.1998), our January 28 memorandum opinion affirmed Defendant's judgment and sentence on the basis of the opinion in *Michael S.* In *Michael S.*, we held that a child who agrees in the plea and disposition agreement to an adult sentence and agrees to waive any motions, defenses, objections, or requests, either made or that could thereafter be made, has waived the 20-day time limit on dispositional hearings. In light of that holding, we did not need to reach Defendant's claim of ineffective assistance of counsel.

3. Defendant has filed a motion for rehearing, alleging that the facts and authorities relied on in *Michael S.* should not apply to unforeseeable events occurring after the plea and disposition agreement. In particular, Defendant argues that his waiver of motions, defenses, objections, or requests, even those that he could assert after the agreement, should be limited only to those which have a factual basis that is in existence prior to the agreement. While we agree with Defendant's general proposition, we disagree with his application of that proposition to the facts of this case. We take this opportunity to explain our disagreement so that there will be no doubt about the scope of our *Michael S.* opinion.

4. Defendant's rehearing motion is predicated on his view that, at the time of the plea and disposition agreement, he could not know that his sentencing hearing would be held outside the 20-day time limit of Rule 10–229 and therefore he could not have waived that issue in the agreement. However, the important purpose served by the dispositional hearing in cases where the State seeks to have the child sentenced as an adult is to determine whether the factors pursuant to which an adult sentence may be imposed are present. *See* NMSA 1978, § 32A–2–20(B) (1995). In this case, as in the case of *Michael S.*, Defendant has agreed that those factors are present, thereby eliminating the

need for the dispositional hearing as contemplated by the Children's Code.

It is true that the number of years Defendant was to actually serve needed to be determined by the judge, and a sentencing hearing was necessary for that purpose. *See Tomlinson v. State,* 98 N.M. 213, 215, 647 P.2d 415, 417 (1982). But once Defendant agreed to waive the important purpose served by the dispositional hearing under Section 32A–2–20(B) of the Children's Code, for all the reasons expressed in the *Michael S.* opinion, 1998–NMCA–041 at ¶¶ 7–8, 955 P.2d 201, we believe that it would be an unduly technical interpretation of the Children's court Rules to apply the short, 20–day time limit of those rules. After all, both Defendant and Michael S. are offenders who have expressly agreed to waive the most important purpose served by a dispositional hearing, who have agreed to be "sentenced" as adults, and who have in addition agreed to waive any motions, defenses, objections, or requests that they could thereafter assert. In other words, it was implicit in his plea agreement that Defendant would be waiving a children's court dispositional hearing and therefore it does no violence to his due process or other rights to hold that he waived his right to sentencing as an adult within 20 days of adjudication, even if he had such a right under an expansive reading of the rule.

5. The judgment and sentence are affirmed.

6. **IT IS SO ORDERED.**

FLORES and ARMIJO, JJ., concur.