11 P.3d 613

2000-NMCA-089

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Richard Joseph MUNIZ, Defendant–
Appellant.**

**No. 20,116.**

Court of Appeals of New Mexico.

Aug. 29, 2000.

Certiorari Granted, No. 26,583,
Oct. 19, 2000.

Patricia A. Madrid, Attorney General, Steven S Suttle, Assistant Attorney General, Albuquerque, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Jennifer A. Albright, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} In this appeal we consider whether the district court had authority to impose an adult sentence on a juvenile who was originally charged as a serious youthful offender in district court, but who subsequently pled guilty only to offenses that would not qualify for an adult sentence if brought independently. We also consider whether a juvenile can waive the right to appeal the imposition of a sentence to which he agreed in a plea agreement. We further consider whether the same individual is entitled to a remand for resentencing as a juvenile, or rather whether the entire plea agreement must fall as a unit. We set aside the sentence and remand this matter to the district court for further proceedings.

### BACKGROUND

{2} Defendant was seventeen years old when he was indicted on one count of first degree murder, four counts of tampering with evidence, and one count of conspiracy to commit tampering with evidence. The first degree murder charge triggered the "serious youthful offender" provisions of the Children's Code, giving the district court jurisdiction to try the juvenile pursuant to procedural rules applicable to adults and to impose adult punishment for first degree murder. *See* NMSA 1978, § 32A–2–3(H) (1996). Defendant thereafter pled guilty to one count of tampering with evidence and one count of conspiracy to commit tampering with evidence. In exchange, the State dismissed the remaining charges, including the first degree murder charge that gave the district court jurisdiction in the first instance to treat the juvenile fully as an adult.

{3} The terms of the plea agreement included language typical of adult plea proceedings. There was a provision indicating that there was no agreement as to sentencing. Under the "Penalties" provision of the agreement, the charges were each listed as fourth degree felonies with a basic sentence of eighteen months and a $5000 fine, followed by one year of parole. The agreement also observed that any basic sentence for a felony

could be altered up to one-third if the court found aggravating or mitigating circumstances. It also noted that habitual offender proceedings could be brought if the State learned of any prior felony convictions. Finally, the agreement contained standard waiver language, including a specific waiver of Defendant's right to appeal.

{4} At the plea proceeding, the following colloquy took place:

> THE COURT: . . . you're going to plead guilty to tampering with evidence and conspiracy to commit tampering with evidence; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Those are both fourth-degree felonies. They carry presumptive sentences of 18 months, no more than two years, less than one year, possible $5000 fine, and one year mandatory parole. Is that your understanding?
>
> THE DEFENDANT: Yes.

{5} Defendant was also informed, and again acknowledged, that he was waiving all rights to appeal. The plea hearing took place on April 15, 1997. For reasons that are not readily apparent from the record, the sentencing hearing was delayed until May 14, 1998. The sentencing hearing transcript indicates that during this time the parties had been disputing whether Defendant could be sentenced as an adult. At the hearing, the State took the position that, once the district court obtained jurisdiction by way of the serious youthful offender charge to treat a juvenile defendant fully as an adult on the first degree murder charge, it could sentence a defendant as an adult for any offense arising out of the same "transaction" as the originally charged offense. Defendant countered by arguing that the State's position was contrary to the statutory framework of the Children's Code in two respects: (1) an adult sentence was available only for very specific, enumerated crimes; and (2) the State failed to give notice of an intent to invoke an adult sentence.

{6} The district court entered findings of fact and conclusions of law on the sentencing issue, in which it agreed with the State that Defendant "should be sentenced as an adult

for any convictions arising out of the charges set out in the indictment." Accordingly, the district court imposed an adult sentence based on the two fourth degree felonies contained in the plea agreement. This appeal followed.

## DISCUSSION

### A.   Standard of Review

■■■ {7} The question of whether the district court has authority to impose an adult sentence when a child is originally charged as a serious youthful offender, but thereafter pleads guilty to lesser charges, involves interpretation of the Children's Code and is therefore subject to de novo review by this Court. *See In re Zac McV.*, 1998–NMCA–114, ¶ 5, 125 N.M. 583, 964 P.2d 144. Whether Defendant made a valid knowing, intelligent, and voluntary waiver of his constitutional right to appeal also " 'is a question of law which we review de novo.' " *State v. Martinez*, 1999–NMSC–018, ¶ 15, 127 N.M. 207, 979 P.2d 718 (quoting *United States v. Toro–Pelaez*, 107 F.3d 819, 826 (10th Cir. 1997)).

### B.   The Sentence is Illegal

■■■ {8} Defendant contends that we should reverse his adult sentence and remand this matter for disposition as a delinquent child pursuant to the Children's Code. The State has taken a number of conflicting positions. We note at the outset that we are not bound by any of the State's concessions on appeal. *See State v. Foster*, 1999–NMSC–007, ¶ 25, 126 N.M. 646, 974 P.2d 140. At the sentencing hearing it argued that individuals originally charged as serious youthful offenders would receive adult sentences irrespective of the specific crime or crimes for which they enter a plea or are convicted. In its brief on appeal the State conceded that the sentence is not authorized by statute and is therefore illegal; but it nevertheless argued that Defendant waived his right to challenge the sentence in this appeal when he entered into the plea agreement. At oral argument the State shifted its position again, arguing that the otherwise illegal sentence was "authorized" by Defendant's voluntary plea agreement.

{9} A district court may only impose a sentence authorized by statute. *See State v. Martinez*, 1998–NMSC–023, ¶ 12, 126 N.M. 39, 966 P.2d 747. This limitation on a court's authority is the result of the separation of powers directive that states only the legislative branch of government can define penalties for criminal behavior. *See id.* We therefore look to the Children's Code to determine the propriety of the sentence in this case.

{10} The Legislature has provided for two distinct procedures to address acts committed by children that may justify imposition of an adult sentence. First, a child who is between fifteen and eighteen years of age who is charged with and indicted or bound over for trial for first degree murder is defined as a "serious youthful offender," whose trial takes place in district court in a manner consistent with adult proceedings. *See* § 32A–2–3(H). The second procedural avenue for imposing an adult sentence exists exclusively in children's court. *See* NMSA 1978, §§ 32A–1–4(C), –5, –8, –20 (1993, as amended through 1999). If a child has been adjudicated guilty of at least one of the acts listed in Section 32A–2–3(I)(1), the child is termed a youthful offender and can be sentenced as an adult if the additional criteria set forth in NMSA 1978, § 32A–2–20(B) (1996), are satisfied. *See State v. Montaño,* 120 N.M. 218, 218–19, 900 P.2d 967, 967–68 (Ct.App.1995). In *Montaño,* we also recognized that crimes that do not fall within the youthful offender statute may nevertheless result in adult punishment at the same time the defendant is convicted of one of the offenses enumerated in Section 32A–2–3(I)(1). *See id.* at 219, 900 P.2d at 968. To hold otherwise would create the "anomaly of sentencing a defendant to be rehabilitated as a juvenile when there has been a determination that the defendant cannot be rehabilitated in available juvenile facilities." *Id.*

{11} Unlike *Montaño,* however, in the present case there is no underlying offense that would trigger youthful offender disposition. We therefore consider whether there is independent statutory authority for imposing an adult sentence in this case. There are two provisions in the Delinquency Act that

might be read to provide such authority. Under Section 32A–2–3(H), "[a] 'serious youthful offender' is not a delinquent child as defined pursuant to the provisions of this section." This could be interpreted to mean that the State was correct when it made its initial argument that the district court had authority to impose an adult sentence based solely on the charging document, i.e., based solely on the fact that Defendant was indicted for first degree murder. We do not believe that this is what the Legislature intended. Instead, we believe that this language was intended to clarify that serious youthful offenders, unlike youthful offenders, should be treated as adults for purposes of their adjudication of guilt, and therefore the basic rights and procedural protections found in the Children's Code should not apply during the adjudication phase. *See, e.g.,* § 32A–2–14 (Basic rights), NMSA 1978, § 32A–2–15 (1993) (Time limitations on delinquency adjudicatory hearing), NMSA 1978, § 32A–2–16 (1993) (Conduct of hearings).

{12} A second potential source for sentencing authority in this case is found in NMSA 1978, § 32A–2–20(F) (1996):

A fourteen to eighteen year old child charged with first degree murder, but convicted of an offense less than first degree murder, is subject to the dispositions set forth in this [disposition of a youthful offender] section.

{13} We instructed the parties to address the meaning of this section at oral argument. The State frankly admitted that the meaning of this section is "a mystery," but agreed with Defendant that it should not be read as a departure from the specific distinctions between adult and juvenile punishments found elsewhere in the Children's Code. In other words, it should not be interpreted to authorize an adult sentence in every case where an individual has originally been charged as a serious youthful offender. We likewise find this section perplexing. The "offense less than first degree murder" may have been intended to refer to lesser-included crimes of first degree murder, thereby making the section inapplicable to the offenses in the present case. We doubt, however, that the Legislature intended all lesser-included offenses,

such as the petty misdemeanor of battery for example, to result in an adult sentence. We decline to decide the precise meaning of Section 32A–2–20(F). It may have been inserted by the Legislature solely to obviate the notice otherwise required by Section 32A–2–20(A) when the children's court attorney seeks an adult sentence for a youthful offender. We are certain, however, that it is too ambiguous to provide the requisite adult sentencing authority in this case. *See Santillanes v. State,* 115 N.M. 215, 221, 849 P.2d 358, 364 (1993) (stating that criminal statutes are strictly construed).

{14} Notwithstanding the lack of statutory authority in the Children's Code to sentence Defendant as an adult on the tampering with evidence counts, the State maintains that this case does not technically involve an illegal sentence. Specifically, the State notes that the amount of time imposed reflects the statutory basic adult sentences for the underlying counts. *See* NMSA 1978, § 31–18–15(A)(6) (1999). As such, the State has argued, this is not a case where, for example, the death sentence has been imposed for a burglary. However, the State's argument ignores the critical and dispositive fact in this case: Defendant was a juvenile at the time the acts were committed. The court had no statutory authority to sentence Defendant as an adult where the sole crimes to which Defendant pled guilty and for which Defendant was sentenced were crimes subjecting Defendant only to juvenile sanctions as a delinquent offender. *See* § 32A–2–3; *see also* NMSA 1978, § 32A–2–19 (1996).

## C. Waiver

{15} The State contends that Defendant has waived his status as a juvenile and right to challenge the validity of his sentence because he waived his right to appeal in his plea. We disagree.

{16} The State argues that, in light of the serious nature of the charges against him, Defendant ultimately benefitted from the plea. We do not disagree. However, we believe that the State has a strong burden to show that we should recognize a juvenile's waiver of his juvenile status for purposes of sentencing the juvenile as an adult when the

crimes are fourth degree felonies that are nowhere enumerated in the Children's Code. *See State v. Boeglin,* 100 N.M. 127, 130–31, 666 P.2d 1274, 1277–78 (Ct.App.1983) (stating the usual heavy burden that the State bears to establish a waiver of constitutional rights). We should evaluate the totality of the circumstances, giving particular emphasis to the factors listed in the Children's Code. *See* § 32A–2–14(E); *Martinez,* 1999–NMSC–018, ¶ 18, 127 N.M. 207, 979 P.2d 718. That is, we must consider specific evidence surrounding Defendant's waiver, such as his age and education, whether he was in custody, the manner in which he was advised of his rights, his mental and physical condition, and whether he had the counsel of an attorney, friends, or relatives. *See id.* In our opinion, the State has not met this burden in this case.

{17} This is not, for example, a situation where an adult sentence is authorized by the facts of the case. *See State v. Jonathan B.,* 1998–NMSC–003, ¶ 15, 124 N.M. 620, 954 P.2d 52 (holding plea valid where child knew he could be sentenced as an adult because he was charged as youthful offender and notice of intent to seek adult sentence had been filed). The plea in the present case was not in compliance with Rule 5–304(G) NMRA 2000, because it lacked the requisite factual basis, i.e., adult status. In any event, the record fails to indicate that Defendant knew that he could not legally be subject to adult punishment for the offenses in the plea agreement.

{18} The State also argues that we should recognize the validity of the sentence because it reflects a common sense resolution to the proceedings in that the State should not be required to resort to the all-or-nothing approach of pursuing a first degree murder charge or having Defendant receive the now moot disposition as a delinquent child. As a matter of practice, this may be true. However, as we have noted, sentencing authority is vested with the Legislature. *See Martinez,* 1998–NMSC–023, ¶ 12, 126 N.M. 39, 966 P.2d 747. Therefore, in the absence of a valid waiver by the juvenile, the State's argument is more appropriately addressed to that forum.

### D. Remedy

{19} Defendant requests that we remand for "resentencing" as a delinquent child pursuant to the Children's Code. However, it is clear from language of the plea agreement and the transcript of the plea proceedings that the parties contemplated an adult sentence when they entered into the plea. Both parties benefitted from the agreement. A plea agreement stands or falls as a whole unit. *See State v. Gibson,* 96 N.M. 742, 743, 634 P.2d 1294, 1295 (Ct.App. 1981). In *Gibson,* we affirmed the conviction and illegal sentence, but allowed for the possibility that the defendant would move to withdraw the plea. In this case, we believe it more appropriate to remand and permit Defendant, who is now an adult, to either withdraw his plea and stand trial on the original charges or now waive the matter of sentencing authority based on full knowledge regarding the legality of the sentence and the consequences of a plea withdrawal. We believe this result is consistent with the state of the record, which does not show the sort of full and knowing waiver that should be standard practice when a juvenile waives a right as important as a legal sentence. *See Martinez,* 1999–NMSC–018, ¶ 18, 127 N.M. 207, 979 P.2d 718 (stating factors to consider when evaluating waivers by juveniles); *cf. North Carolina v. Alford,* 400 U.S. 25, 38–39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (holding that a defendant may voluntarily, knowingly, and intelligently plead guilty while maintaining his innocence).

### *CONCLUSION*

{20} We hold that the sentence in this case is illegal, that Defendant did not waive his right to appeal, and that Defendant on remand has the choice of a withdrawal of his plea or a knowing waiver that permits his sentencing as an adult. We, therefore, reverse and remand for proceedings consistent with this opinion.

{21} IT IS SO ORDERED.

PICKARD, Chief Judge, concur.

KENNEDY, Judge, concurring in part and dissenting in part.

KENNEDY, Judge (concurring in part, dissenting in part).

{22} I agree with the majority that it is illegal to sentence Defendant as an adult for offenses that are not adult offenses. My concern is with the remedy we suggest. I disagree that Defendant should be allowed to waive what I perceive to be the lack of jurisdiction over remaining delinquent offenses in district court. When district court acquires jurisdiction under the Children's Code to hear delinquent offenses it sits as a children's court. I believe children's court has exclusive jurisdiction over the remaining offenses once Defendant is no longer charged with crimes that confer youthful offender status for adult sentencing in district court. Thus, I agree with every part of the opinion except the suggestion that upon remand to district court Defendant has the option of waiving his status and accepting an adult sentence. To the extent the majority's decision would allow a waiver by Defendant of status as a delinquent offender, I respectfully dissent.

{23} A party to a case cannot agree to jurisdiction where none exists. *See, e.g., Duran v. Transit Remanufacturing Corp.,* 73 N.M. 139, 141, 386 P.2d 237, 238 (1963). A person may not be punished for a crime without a sufficient charge even if he voluntarily submits himself to the jurisdiction of the court. *See Smith v. Abram,* 58 N.M. 404, 410, 271 P.2d 1010, 1015 (1954). "[W]here a defendant is not charged with a public offense, proceedings after a plea to that noncharge does [sic] not place a defendant in jeopardy." *State v. Mabrey,* 88 N.M. 227, 229, 539 P.2d 617, 619 (Ct.App.1975) (citing *State v. Ferguson,* 56 N.M. 398, 244 P.2d 783 (1952); *State v. Ardovino,* 55 N.M. 161, 228 P.2d 947 (1951); *State v. Valdez,* 51 N.M. 393, 185 P.2d 977 (1947)). Similarly, agreeing to be sentenced as an adult for a crime specifically defined as a delinquent act should be of no effect. The majority holds here that "in the absence of a valid waiver by the juvenile," the Legislature is who confers the power to treat a child as an adult for sentencing purposes. I agree. The Legislature has provided a statute that deals with the

disposition of delinquent acts under the Children's Code in a situation such as this:

### Section 32A–2–6. Transfer of Jurisdiction over Child from other Tribunals to Court

If it appears to a tribunal in a criminal matter that the defendant was under the age of eighteen years at the time the offense charged was alleged to have been committed and the offense charged is a delinquent act pursuant to the provisions of the Delinquency Act [this article], the *tribunal shall promptly transfer jurisdiction of the matter and the defendant to the [Children's ] court* together with a copy of the accusatory pleading and other papers, documents and transcripts of testimony relating to the case.

NMSA 1978, § 32A–2–6(A) (1993) [Emphasis added].

{24} I concur that the offenses of which Defendant stands convicted are illegally sentenced as adult offenses because Defendant was not an adult when he committed them. *See* § 32A–1–4(B) (defining "child"); Majority Opinion, ¶ 14. The problem is one of subject matter jurisdiction. "The [district] court has exclusive original jurisdiction of all proceedings under the Children's Code [this chapter] in which a person is eighteen years of age or older and was a child at the time the alleged act in question was committed or is a child alleged to be: (1) a delinquent child." Section 32A–1–8(A)(1).

{25} I also concur that the charge that conferred youthful offender status was no longer before the court for its consideration (as it was dismissed in the plea), and that the charges to which Defendant pled do not in and of themselves confer adult status. We called a sentence on those charges illegal because of our disinclination to extend *Montaño*. *See* Majority Opinion, ¶ 14. Allowing a child to include a crime in those enumerated by Section 32A–2–3(H) or (I) (youthful offender status) by stipulation is not a legal solution to the problem this case presents. We do not know if the case was pled from first degree murder to delinquent offenses because the State had no case or for other reasons. It is not our place to guess. We

should limit our opinion to righting the wrong, not fashioning a doctrine allowing waivers of jurisdiction to solve a tactical problem.

{26} A district court can only sentence a child as an adult based on the child's consent when two things occur—first, the child must occupy the statutory legal class of 'youthful offender' or 'serious youthful offender,' and second, the child must waive the provisions of Section 32A–2–20(B) that otherwise require the children's court to hold a dispositional hearing and find the child is not amenable to treatment or rehabilitation in available facilities. *See State v. Timothy T.*, 1998–NMCA–053, ¶ 4, 125 N.M. 96, 957 P.2d 525. The first of these conditions is not satisfied here.

{27} Montaño hung its hat on the fact that the defendant was *convicted and sentenced* on offenses that rendered him a youthful offender. This enabled the sentencing court to sentence him as an adult for all the other offenses to which he pled. *See State v. Montaño*, 120 N.M. 218, 219, 900 P.2d 967, 968 (Ct.App.1995) ("[A]ny juvenile who is adjudicated for any of the offenses under Section 32A–2–d(I) [is] subject to adult sanctions under Section 32A–2–20 for *any offense* in the same case."). The court in *State v. Jonathan B.* had jurisdiction as conferred by statute in this fashion over all the charges to be sentenced. *See* 1998–NMSC–003, ¶ 15, 124 N.M. 620, 954 P.2d 52. In other words, the youthful offender charge still remained to be considered in the case, and it alone conferred the power to sentence on the other charges; that is not the case here.

{28} We should not allow jurisdiction to be created by a plea bargain. Where the adult status of the charges is established, the district court may act, but this case lacks that element. We should allow the withdrawal of the plea, but should not suggest that waiving one's status as a child under the Children's Code is an option.

{29} Based on the foregoing, I do not agree that just because the parties contemplated an adult sentence, that agreement

should be given effect if it is not proper to do so. *Gibson* stands for the proposition that the entire plea agreement is out the window. *See* 96 N.M. 742, 743, 634 P.2d 1294, 1295 (Ct.App.1981). I believe reversing the conviction, invalidating the plea agreement, and remanding for proceedings consistent with law is as far as this Court should have gone.