2003-NMSC-021

74 P.3d 86

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Richard MUNIZ, Defendant–Petitioner.**

**No. 26,583.**

Supreme Court of New Mexico.

July 9, 2003.

John Bigelow, Chief Public Defender, Jennifer R. Albright, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

Patricia Madrid, Attorney General, Steven S Suttle, Assistant Attorney General, Santa Fe, NM, for Appellee.

## OPINION

MAES, Chief Justice.

{1} While a juvenile, Defendant was charged with first degree murder and several other crimes. After he pleaded guilty to tampering with evidence and conspiracy to tamper with evidence, the district court sentenced him to two consecutive 18–month prison terms. The Court of Appeals reversed the sentence, holding that the district court did not have jurisdiction to impose an adult sentence, and remanded the case to the district court, instructing Defendant that he could either waive his right to receive a juvenile disposition or allow the district court to nullify his guilty plea. *State v. Muniz,* 2000–NMCA–089, 129 N.M. 649, 11 P.3d 613. Defendant appealed the judgment to this Court, arguing that he has the right to receive a juvenile disposition on remand. We do not reach the issues raised by Defendant, however, because we hold that the district court had authority to sentence Defendant as an adult. We therefore reverse the judgment of the Court of Appeals and affirm the sentence imposed by the district court.

*FACTS*

{2} At age 17, Defendant was indicted on one count of first degree murder, four counts of tampering with evidence, and conspiracy to tamper with evidence. Because Defendant faced a charge of first degree murder, the district court obtained jurisdiction to try Defendant according to the procedural rules and sentencing guidelines applicable to adults. *See* NMSA 1978, § 32A–2–3(H) (1996); NMSA 1978, § 31–18–15.3 (1993). The district court also had jurisdiction to hear the additional, related charges pending against Defendant. *See State v. Montano,* 120 N.M. 218, 219, 900 P.2d 967, 968 (Ct.App. 1995). Defendant reached a plea agreement with the State, agreeing to plead guilty to one charge of tampering with evidence and one count of conspiracy to tamper with evidence and to testify against his two co-defendants. In exchange, the State agreed to drop all remaining charges, including the charge of first degree murder.

{3} Defendant entered his plea before the district court in April 1997. Defendant's sentencing, however, was delayed until May 1998. At the sentencing hearing, Defendant argued that he could not be sentenced as an adult for the two crimes to which he pleaded guilty. The State, on the other hand, argued that once the district court, rather than the children's court, obtained jurisdiction over the case, it retained both jurisdiction over the case and the authority to impose an adult sentence throughout the proceedings, even after the first degree murder charge had been dropped. The district court agreed with the State and imposed consecutive 18–month sentences in the adult penal system for each fourth degree felony, for a total of three years.

{4} When Defendant appealed his sentence to the Court of Appeals, the State reversed its position, conceding that the district court did not have authority to sentence Defendant as an adult, but arguing that Defendant had waived his right to appeal. The Court of Appeals reversed the sentence, holding that the district court did not have statutory authority to impose an adult sentence and that Defendant had not waived his right to appeal. *Muniz,* 2000–NMCA–089, ¶¶ 14, 17–18, 129 N.M. 649, 11 P.3d 613. The Court remanded the case to the district court and gave Defendant two options: he could either accept the adult sentence by waiving his right to a juvenile disposition, or the district court could declare his plea agreement null and void, allowing the State, if it chose, to proceed with the charges that had previously been dropped, including the charge of first degree murder. *Id.* ¶ 19. Defendant raised one issue in his writ of certiorari: whether the Court of Appeals erred in concluding that he could waive his right to a juvenile disposition. In his briefs to this Court, Defendant also argues that there is no basis to nullify the plea agreement.

*DISCUSSION*

{5} Before we address the issues raised by Defendant, we believe we must first determine whether the Court of Appeals was correct in holding that the district court had no statutory authority to impose an adult sentence on Defendant. The Court of Appeals analyzed that issue even though the State had conceded that the district court had no authority to impose an adult sentence, explaining that it was not bound by the State's concession. *Muniz,* 2000–NMCA–089, ¶¶ 8–14, 129 N.M. 649, 11 P.3d 613. We similarly do not feel bound by the State's concession. *See State v. Foster,* 1999–NMSC–007, ¶ 25, 126 N.M. 646, 974 P.2d 140. We believe we have the power to consider this issue even though it is outside the scope of the issue raised in Defendant's petition for certiorari. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 247 n. 12, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ("We may consider questions outside the scope of the limited order when resolution of those questions is necessary for the proper disposition of the case."). Indeed, we believe we have a duty to consider this issue, because we must affirm the district court if its decision was correct. *Cf. State v. Beachum,* 83 N.M. 526, 527, 494 P.2d 188, 189 (Ct.App.1972) (holding that a trial court's judgment will be upheld if it is right for any reason). We also have a duty to interpret statutes in accordance with the intent of the Legislature. *See State v. Martinez,* 1998–NMSC–023, ¶ 8, 126 N.M. 39, 966 P.2d 747 ("Our primary goal in interpreting a statute is to give effect to the Legislature's intent."). Therefore, we must decide whether the district court had jurisdiction to impose an adult sentence rather than limiting our review to the issue raised in the petition for certiorari.

{6} The Children's Code establishes three classes of juvenile offenders: serious youthful offenders, youthful offenders, and delinquent offenders. *See* §§ 32A–2–3(C), (H), (I). These classifications determine the procedures for adjudicating children accused of committing crimes, as well as the conse-

quences upon a determination of guilt. Children between the ages of fifteen and eighteen accused of committing first degree murder are classified as "serious youthful offenders." *See* § 32A–2–3(H). Serious youthful offenders are tried in district court rather than children's court and, if convicted of first degree murder, face adult sentences. *See* § 31–18–15.3(D). Children between the ages of fourteen and eighteen who commit certain other designated crimes, such as criminal sexual penetration, are classified as "youthful offenders." *See* § 32A–2–3(I). For those children, the children's court must determine whether the child is "amenable to treatment or rehabilitation as a child in available facilities."[1] *See* NMSA 1978, § 32A–2–20(B)(1) (1996). If so, then the child is subject to one of the juvenile dispositions established in NMSA 1978, § 32A–2–19 (1996). *See* § 32A–2–20(E). If the children's court determines that the child is not amenable to treatment or rehabilitation, then the children's court may impose an adult sentence. *See* § 32A–2–20(A) & (B). Fourteen-year-old children who are found guilty of first degree murder are also designated youthful offenders. *See* § 32A–2–3(I)(3). Children who commit other, non-designated crimes are classified as "delinquent offenders," *see* § 32A–2–3(C), and are subject to juvenile dispositions only. *See* § 32A–2–19. For those children, the children's court has no jurisdiction to impose an adult sentence. *See id.*

{7} When Defendant was indicted for first degree murder and bound over for trial, he was classified as a serious youthful offender, and his case was assigned to district court. The question of how to treat Defendant for sentencing purposes arose when the State agreed to drop the charge of first degree murder in its plea agreement with Defendant. Defendant argued that he could not be sentenced as an adult under the provisions of Section 32A–2–20 because the two crimes to which he pleaded guilty—tampering with evidence and conspiracy to tamper with evidence—are not among the crimes

---

1. The court must also determine that "the child is not eligible for commitment to an institution for the developmentally disabled or mentally dis-

ordered," § 32A–2–20(B)(2), but that provision is not at issue in this case.

enumerated in Section 32A–2–3(I). Defendant therefore argued that he should be treated as an adjudicated delinquent in accordance with the provisions of Section 32A–2–19. In response, the State argued that the district court maintained its jurisdiction over Defendant and its ability to impose an adult sentence. In making this argument to the district court, the State did not cite any specific authority as directly supporting this proposition.

{8} In its brief submitted to the Court of Appeals, the State changed its position and conceded that the district court had no authority to impose an adult sentence. When the Court of Appeals held its oral arguments, the judges asked counsel for the State whether Section 32A–2–20(F) (1996) gave the district court authority to impose an adult sentence. Section 32A–2–20(F) provides that "[a] fourteen to eighteen year old child charged with first degree murder, but convicted of an offense less than first degree murder, is subject to the dispositions set forth in this section." The State took the position that Section 32A–2–20(F) did not authorize district courts to impose adult sentences in every case in which a child has originally been charged with first degree murder. *Muniz*, 2000–NMCA–089, ¶ 13.

{9} Despite the State's concession, the Court of Appeals conducted its own examination of the statutory language, concluding that the language was ambiguous. *Id.* Although the Court of Appeals did not fully determine the statute's meaning, it concluded that the statute was not intended to grant district courts jurisdiction to impose adult sentences in every case in which children are initially charged with first degree murder. *Id.* The court found ambiguity in the phrase "lesser offense," surmising that the Legislature might have intended that language to apply only to lesser-included crimes of first degree murder, but expressing doubt as to whether "the Legislature intended all lesser-included offenses, such as the petty misdemeanor of battery for example, to result in an adult sentence." *Id.*

■ {10} This question involves the interpretation of statutes and therefore our review is de novo. *See In re Zac McV.*, 1998–NMCA–114, ¶ 5, 125 N.M. 583, 964 P.2d 144.

Unlike the Court of Appeals, we do not see the statute as ambiguous. We think the statute clearly expresses a legislative intent to treat those children charged with first degree murder differently than other children, even if ultimately those children are not found guilty on the first degree murder charge. The right to be treated as a child is a statutory, not a constitutional, right. *See State v. Doe*, 91 N.M. 506, 510, 576 P.2d 1137, 1141 (Ct.App.1978). Therefore, it is within the purview of the Legislature to decide that children initially accused of first degree murder, even if found not guilty of that charge, may be sentenced as adults for other crimes.

{11} Nor do we see any reason to construe the language as limited to lesser-included offenses. The Legislature knows what a lesser-included offense is, and specifically knows what crimes are considered lesser-included offenses of first degree murder. *See* NMSA 1978, § 30–2–1(B) (1994) ("Murder in the second degree is a lesser included offense of the crime of murder in the first degree."). Had the Legislature intended to limit the scope of Section 32A–2–20(F) to lesser-included offenses of first degree murder, it could have expressed that intent by using the phrase "lesser-included offense." Instead, we think the Legislature meant Section 32A–2–20(F) to apply to all crimes other than first degree murder, which are "lesser crimes" in the sense that they carry lesser penalties than life in prison or death.

{12} We think Section 32A–2–20(F) authorized the district court to impose an adult sentence upon Defendant. Another statute, however, also seems to address the proper disposition for children who are charged with first degree murder, but found guilty of lesser crimes. Section 31–18–15.3(F) provides that, "[w]hen the alleged serious youthful offender is convicted of a lesser offense than first degree murder, the court shall provide for a disposition of the offender pursuant to the provisions of Section 32–2–19 or 32–2–20 NMSA 1978 [32A–2–19 or 32A–2–20 NMSA 1978]." As discussed above, Section 32A–2–19 establishes procedures for dealing with alleged delinquent offenders, while Section 32A–2–20 establishes procedures for dealing with youthful offenders.

{13} Conceivably, Section 31–18–15.3(F) conflicts with Section 32A–2–20(F). We have now read Section 32A–2–20(F) as providing that a serious youthful offender, upon conviction for a lesser crime than first degree murder, should always be treated as a youthful offender, even when convicted of a crime that would otherwise categorize the child as a delinquent child. Section 31–18–15.3(F), on the other hand, seems to provide that some serious youthful offenders have a right to be treated as delinquent offenders, and therefore receive an automatic juvenile disposition under Section 32A–2–19, without having to go through an amenability hearing. If so, under Section 31–18–15.3(F), the proper treatment for these children presumably would depend on the nature of their actual convictions. In other words, if the children are convicted of one of the crimes enumerated in Section 32A–2–3(I), then they should be treated as youthful offenders and subject to an amenability hearing under Section 32A–2–20. On the other hand, if their crimes are not enumerated in Section 32A–2–3(I), then they should be treated as adjudicated delinquents and should be subject to juvenile dispositions only under Section 32A–2–19.

{14} "Whenever possible," however, "we must read different legislative enactments as harmonious instead of as contradicting one another." *Luboyeski v. Hill*, 117 N.M. 380, 384, 872 P.2d 353, 357 (1994). We can read the two statutory provisions as harmonious if we view Section 32A–2–20(F) as providing guidance in our interpretation of Section 31–18–15.3(F). We therefore read Section 31–18–15.3(F) as giving the district court the discretion to impose an adult sentence as indicated in Section 32A–2–20 based on a finding that a child is not amenable to treatment. If the district court finds the child is amenable to treatment, then the district court should impose a juvenile disposition in accordance with Section 32A–2–19.

{15} There are other indications that the Legislature intended to treat serious youthful offenders differently than other children. The Legislature defined a "serious youthful offender" as "an individual fifteen to eighteen years of age *who is charged with and indicted or bound over for trial* for first degree murder." § 32A–2–3(H) (emphasis added). This language indicates that a child becomes a serious youthful offender once he or she is indicted or bound over for trial on charges of first degree murder. A conviction on the charge of first degree murder is not required. In contrast, a child is not designated as a "youthful offender" until he or she is adjudicated guilty for one of the crimes enumerated in Section 32A–2–3(I)(1). The statute goes on to state that a " 'serious youthful offender' is not a delinquent child .... " § 32A–2–3(H). Reading these two parts of the statutory definition of serious youthful offender together and in context, we think the Legislature intended to treat children charged with first degree murder as adults, not as delinquent children. For that reason, we consider it consistent with the intent of the Legislature to interpret Section 31–18–15.3(F) as allowing all children who are initially charged with first degree murder, but found guilty of lesser crimes, to be sentenced as adults if the district court finds that circumstances warrant such a sentence, even when those children are found guilty of crimes that would otherwise warrant only a juvenile disposition.

{16} We note that an adult sentence is not automatic. Instead, the court must apply the provisions of Section 32A–2–20. If the court finds the child is either amenable to rehabilitation or eligible for commitment, the court's range of possible dispositions is restricted to those available within the juvenile system. *See* §§ 32A–2–20(B), (E). Even if the court finds that a child is neither amenable to treatment as a child nor eligible for commitment, the court has the option of imposing a juvenile disposition instead of an adult sentence. *See* § 32A–2–20(A). The findings trigger the court's discretion; they do not require the court to sentence a child as an adult. For that reason, we do not agree with the Court of Appeals that it would be inappropriate to read Section 32A–2–20(F) as allowing for adult sentences whenever a fifteen to eighteen year old child is charged with first degree murder, even when the child is convicted of a petty misdemeanor such as battery. We think it entirely reasonable that the Legislature intended to give the district courts discretion in these cases, so

that the district courts will be able to determine the most appropriate outcome in each case, depending on the circumstances.

{17} Even if we were to read the two statutes as conflicting, we would conclude that Section 32A–2–20(F) is the prevailing statute. Because we would not be able to identify one statute as more specific than the other, we would then apply the rule that "a later statute, as the most recent expression of legislative intent, will control over an earlier statute to the extent of any inconsistency." *Abbott v. Armijo*, 100 N.M. 190, 191, 668 P.2d 306, 307 (1983). We note that we do not apply the rule of lenity to determine which of the two statutes prevails. Instead, the more recently enacted statute "prevails over any contradictory statutory provision since it is a later declaration of legislative intent and effectively repeals by implication the earlier conflicting legislative language." *Jaramillo v. Kaufman Plumbing & Heating Co.*, 103 N.M. 400, 405, 708 P.2d 312, 317 (1985). In this case, both Section 32A–2–20 and Section 31–18–15.3(F) were initially passed in 1993. The Legislature, however, has amended Section 32A–2–20 twice, once in 1995 and once in 1996. Section 32A–2–20, therefore is the most recent legislative enactment addressing the sentencing or disposition of children initially charged with first degree murder, but convicted on lesser charges. Therefore, we would conclude that Section 32A–2–20 would prevail, and that under that statute the district court would have jurisdiction to sentence Defendant as an adult.

{18} We hold that the district court had the authority to impose an adult sentence in this case. The district court found that Defendant was not amenable to treatment in a juvenile facility and found that an adult sentence was appropriate. Defendant has not challenged those findings. We therefore affirm the sentence imposed by the district court. Having concluded that the district court had the authority to impose an adult sentence, we do not reach the issues raised by Defendant concerning the propriety of the Court of Appeals' instructions on remand.

*CONCLUSION*

{19} We hold that the district court had authority under Section 32A–2–20 to sentence Defendant as an adult. We therefore reverse the judgment of the Court of Appeals, and affirm the sentence imposed by the district court.

{20} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, RICHARD C. BOSSON and EDWARD L. CHAVEZ, Justice.