{25} For the reasons stated above, I am compelled to dissent.

2006-NMSC-030

139 P.3d 184

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**STEPHEN F., a child, Defendant–Respondent.**

**No. 29,128.**

Supreme Court of New Mexico.

June 28, 2006.

Patricia A. Madrid, Attorney General, Jacqueline R. Medina, Assistant Attorney General, Santa Fe, NM, for Petitioner.

John Bigelow, Chief Public Defender, Vicki W. Zelle, Assistant Appellate Defender, Santa Fe, NM, for Respondent.

## OPINION

BOSSON, Chief Justice.

{1} Child Stephen F. was convicted by a jury as a youthful offender for committing two counts of criminal sexual penetration. After his convictions, the trial court ordered a diagnostic evaluation to determine Child's amenability to treatment. Over two months passed and the trial court had yet to conduct a dispositional hearing. Child filed a motion to dismiss, alleging that the 45–day time period set forth in the Children's Court Rules for commencing a dispositional hearing had expired. The children's court denied the motion because it determined that the applicable time period was the 90–day limit found in the Rules of Criminal Procedure for the District Courts. On appeal, the Court of Appeals reversed and vacated the jury verdicts. It held that the 45–day period was applicable, and the remedy was dismissal of the case. We granted certiorari to determine which rules apply to youthful offender dispositions, and to determine the proper remedy for a child adjudicated as a youthful offender when the court fails to conduct a hearing within the applicable time period. We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

{2} At the time of his two convictions for criminal sexual penetration, Child was fifteen years old. Because of his age and the nature of the crime, Child is a "youthful offender" under our Children's Code. *See* NMSA 1978, § 32A–2–3(I)(1)(i) (2005). Since the Code provides the option to sentence a youthful offender either as an adult or as a juvenile dependent upon whether the child is amenable to treatment, *see* NMSA 1978, § 32A–2–20 (2005), the children's court ordered a diagnostic evaluation. The court ordered that Child be committed to the custody of the Children, Youth and Families Department, at the Youth Diagnostic and Development Center, to undergo evaluation "for a period not to exceed 45 days." This order was entered on October 22, 2002.

{3} A little over two months later, on December 26, 2002, Child filed a motion to dismiss for failure to comply with the time limits for recommencement of dispositional proceedings following a commitment for diagnosis. Child relied on Rule 10–229(C) NMRA 2002 (amended, effective March 15, 2006), which provides:

> The court may order a child adjudicated as a delinquent child to be committed to a facility for purposes of diagnosis and recommendations to the court as to what disposition is in the best interests of the child and the public. If the court enters an order transferring the child for a diagnostic commitment pursuant to the Children's Code, the dispositional proceedings shall be recommenced within forty-five (45) days after the filing of the court's order.

Although this rule does not expressly provide a remedy if the time limits are not followed,

Child argued the remedy for violation was dismissal. The children's court denied the motion finding the Children's Court Rules did not apply to youthful offender dispositions because the Rules of Criminal Procedure for the District Courts applied. To support this conclusion, the court relied primarily on Rule 10–101(A)(2)(b) NMRA (stating all youthful offender proceedings in the children's court are governed by the Rules of Criminal Procedure for the District Courts).

{4} The Court of Appeals reversed the children's court, holding that the Children's Court Rules apply to the dispositional phase of youthful offender proceedings, and further, that the remedy for a violation of the time limit in Rule 10–229(C) is dismissal of the charges. *State v. Stephen F.*, 2005–NMCA–048, ¶ 2, 137 N.M. 409, 112 P.3d 270. The Court read the Children's Code and the Children's Court Rules together and concluded, "the overall scheme contemplates that, while the Rules of Criminal Procedure [for the District Courts] govern the adjudicatory proceedings in youthful offender cases . . ., the Children's Court Rules govern all dispositional proceedings." *Id.* ¶ 5. Turning to the remedy, the Court of Appeals opined that the absence of dismissal as a remedy within the rule for noncompliance with the time limit "was likely an oversight." *Id.* ¶ 23. The Court then concluded that dismissal was the proper remedy because (1) the 45–day time limit in the Children's Court Rules is mandatory, *see* Rule 10–229(C); (2) only the Supreme Court can grant an extension of time, *see* Rule 10–229(D); (3) the similarity to other rules that provide for dismissal upon noncompliance with time limits; and (4) the history of the rule which, until the 1997 Amendment, expressly provided for dismissal. *Id.* ¶¶ 14–23.

{5} Judge Castillo dissented to the remedy portion of the opinion. *Id.* ¶ 29. Her dissent examined the history of changes to Rule 10–229 and concluded that dismissal was not the appropriate remedy. *Id.* ¶ 42. Most notably, Judge Castillo compared prior versions of the rule which allowed for dismissal with prejudice under certain circumstances, with the current version amended in 1997, which no longer contains this language. *Id.* ¶¶ 31–33 (citing *State v. Doe*, 93 N.M. 31, 33–34, 595 P.2d 1221, 1223–24 (Ct.App.1979) and examining Rule 49(b), N.M.R. Child. Ct. (Repl. Pamp.1979), predecessor to Rule 10–229, and holding automatic dismissal was required for a violation); *State v. Doe*, 94 N.M. 282, 284, 609 P.2d 729, 731 (Ct.App.1980) (same); *see also* Rule 49(b), N.M.R. Child. Ct. (Repl. Pamp.1982) (requiring that child did not agree to or was not responsible for failure to comply, and child was prejudiced by the delay in order to obtain dismissal). Further, in the current version of the rule, when there is no commitment for diagnosis and time limits for commencement of dispositional proceedings are exceeded, the remedy is release from custody, not dismissal of the proceedings. *Stephen F.*, 2005–NMCA–048, ¶ 35 (citing Rule 10–229(B)). Judge Castillo's dissent, *id.* ¶¶ 39–41, emphasized that this Court enacted Rule 10–117 NMRA, a general rule, stating that "failure to comply with time limits is *not* grounds for granting a new hearing or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment." Rule 10–117 (emphasis added).

{6} For the reasons that follow, we believe Judge Castillo's dissent has the better of the arguments regarding the appropriate remedy.

## DISCUSSION

{7} Our Legislature has struck a delicate balance in dealing with the burgeoning problem of juvenile delinquency. While recognizing the needs of a child whose immaturity and frailty require heightened protections, the Children's Code also promotes public safety and accountability for juveniles who commit delinquent acts. *See* NMSA 1978, § 32A–2–2(A) (2003). This balance of competing interests is the lens through which the Children's Court Rules were created, and through which those rules must be interpreted. *Cf. State v. Javier M.*, 2001–NMSC–030, ¶ 37, 131 N.M. 1, 33 P.3d 1. We review interpretations of rules of procedure adopted by this Court *de novo*. *Walker v. Walton*, 2003–NMSC–014, ¶ 8, 133 N.M. 766, 70 P.3d 756.

## Rule 10–229(C) Applies to Dispositions of Youthful Offenders

{8} To determine which rules apply to youthful offender proceedings, we look to

the intent of the Children's Court Rules and the rule which governs the scope of the rules. This rule states:

> *Except as specifically provided by these rules,* the following rules of procedure shall govern proceedings under the Children's Code . . .:
>
> . . .
>
> (2) the Rules of Criminal Procedure for the District Courts govern the procedure:
>
> . . .
>
> (b) in all proceedings in the Children's Court in which a notice of intent has been filed alleging the child is a "youthful offender. . . ."

Rule 10–101(A)(2)(b) (emphasis added). Thus, if there are competing rules applicable to youthful offenders, the Rules of Criminal Procedure for the District Courts apply unless a specific Children's Court Rules states otherwise.

{9} In this case, Child claims the 45–day time limit in the Children's Court Rules governs dispositional proceedings for youthful offenders, while the State claims the 90–day time limit in the Rules of Criminal Procedure for the District Courts applies. *Compare* Rule 10–229(C) *with* Rule 5–701(B) NMRA. Generally, under the Children's Court Rules, the District Courts Rules would apply to youthful offender proceedings. However, for the reasons that follow, we conclude that Rule 10–229(C) *specifically provides* a time limit for diagnostic commitments that applies to both delinquent offenders and youthful offenders, thereby triggering the exception to the general rule.

{10} Specifically, the rule states, "[t]he court may order a child adjudicated as a *delinquent child* to be committed to a facility for purposes of diagnosis and recommendations to the court." Rule 10–229(C) (emphasis added). A "delinquent child" is defined

as "a child who has committed a delinquent act," NMSA 1978, § 32A–2–3(B) (2005) (internal quotation marks omitted), and a "youthful offender" is defined as "a *delinquent child*" who is at least 14 years old at the time of the offense and commits a specified offense or commits a felony after having three prior felony adjudications within a three-year period preceding the felony, Section 32A–2–3(I) (emphasis added) (internal quotation marks omitted). Thus, a youthful offender *is* a delinquent child of a certain age who has committed a certain offense. Accordingly, the Children's Court Rules do "specifically provide," within the meaning of Rule 10–101(A), for diagnostic commitments, including their own shortened time limits for recommencement of dispositional proceedings, to the exclusion of the Rules of Criminal Procedure for the District Courts.[1] *See* Rule 10–229(C). In addition to youthful offenders, this rule would also include delinquent offenders, *see* § 32A–2–3(C) (" 'delinquent offender' means a *'delinquent child'* " (emphasis added)), but not serious youthful offenders, *see* § 32A–2–3(H) (stating a " 'serious youthful offender' *is not a delinquent child* as defined pursuant to the provisions of this section" (emphasis added)).

{11} Furthermore, the general time limit in the Children's Court Rules for commencement of dispositional proceedings, also found in Rule 10–229, indicates that the district court time-limit rule would not apply to a youthful offender disposition. *See* Rule 10–229(B). The District Courts Rules state, "[e]xcept for good cause shown, the sentencing hearing shall begin within ninety (90) days from the date the trial was concluded. . . ." Rule 5–701(B). The Children's Court Rules specifically provides, "dispositional proceedings shall begin within thirty (30) days from the date the court concludes the . . . *trial in a youthful offender proceed-*

---

1. Because we conclude Rule 10–229(C) specifically provides that it will apply to youthful offender dispositions, we conclude it is unnecessary to interpret Rule 10–101(A)(2)(b) any further. The Court of Appeals interpreted the rule further and concluded that only proceedings for a child who qualifies as a youthful offender because of the type of crime perpetrated, or because it is alleged the child committed first-degree murder, were governed by

the Rules of Criminal Procedure for the District Courts. *Stephen F.,* 2005–NMCA–048, ¶ 9 (analyzing § 32A–2–3(I)(1), (3)). On the other hand, the Court stated that a child who qualifies as a youthful offender because the child has three prior felonies was subject to the Children's Court Rules. *Id.* (analyzing § 32A–2–3(I)(2)). This conclusion is not necessary to the outcome of this case. We therefore express no opinion on this issue.

*ing.*" Rule 10–229(B) (emphasis added). Following the express exception set forth in Rule 10–101(A) ("Except as specifically provided by these rules. . . ."), Children's Court Rule 10–229(B) undoubtedly applies to youthful offender proceedings rather than the comparable district court time-limit rule. The only difference between Rule 10–229(B) and Rule 10–229(C), the rule at issue in this case, is that the former applies when the child is in detention, but without a commitment for diagnosis. Since the children's court time limits for dispositional proceedings apply to all delinquent children, including youthful offenders, it is difficult to see why the time limit for a diagnostic commitment to aid in those dispositional proceedings would not apply to youthful offenders as well.

■ {12} Our conclusion that the time limit for diagnostic commitments from the Children's Court Rules applies to youthful offender dispositions is supported by the unique nature of these dispositions. Unlike delinquent offenders and serious youthful offenders, youthful offenders can be sentenced either as an adult or as a juvenile under the Children's Code. *Compare* § 32A–2–20(A) *with* NMSA 1978, § 32A–2–19 (2005); *see also State v. Muniz*, 2003–NMSC–021, ¶ 6, 134 N.M. 152, 74 P.3d 86 (explaining the three classes of juvenile offenders). In order to make this critical determination, the Children's Code requires the court to determine whether the child is amenable to treatment or is eligible for commitment to an institution for children with disabilities. *See* § 32A–2–20(B). If the child is not amenable to treatment or eligible for commitment, then the children's court may sentence the child as an adult. *Muniz*, 2003–NMSC–021, ¶ 6. If the contrary is true, the court must sentence the child as a juvenile. *State v. Gonzales*, 2001–NMCA–025, ¶ 18, 130 N.M. 341, 24 P.3d 776.

{13} The commitment is "for purposes of diagnosis and recommendations to the court as to what disposition is in the best interests of the child and the public," Rule 10–229(C), and may very well be determinative of whether the child is amenable to treatment or eligible for commitment to an institution. *See also* NMSA 1978, § 32A–2–17(A)(3), (B)-(E) (2005). The interests of the child and the public are paramount to the decision of whether to give adult or juvenile sanctions. *See* § 32A–2–20(B), (C)(5)-(7). No such rule applies in the district courts because all persons before the district courts are sentenced as adults.

{14} In summary, we agree with the Court of Appeals that the Children's Court Rules is the proper time limit to be applied to a child, adjudicated as a youthful offender, who is committed for diagnosis prior to disposition. The children's court erred when it found that the 90–day time limit in the District Courts Rules, Rule 5–701(B), applied. Since the children's court failed to recommence the dispositional proceeding within the 45–day time limit, we must determine the appropriate remedy under Rule 10–229(C).

**The Remedy for a Violation of Rule 10–229(C) is Release From Custody**

■ {15} When determining the appropriate remedy for an adjudicated youthful offender who has yet to be sentenced, we look to the Children's Code's competing goals of protecting children, providing accountability, and promoting public safety. *See* § 32A–2–2(A). Clearly, the child must be protected from indefinite periods of custody while awaiting disposition. At the same time, a child who has already been convicted of a serious offense must be held accountable, lest the safety of the public be placed in jeopardy. This is especially true when dealing with youthful offenders because their crimes may be significant enough to warrant an adult sentence. All of these considerations inform a balanced juvenile justice system, which reflects the intent behind the Children's Court Rules.

{16} The version of Rule 10–229(C) that applied at the time of Child's disposition was silent as to the remedy for noncompliance with the 45–day time limit. *Cf.* Rule 10–229(C) (stating the remedy for noncompliance is release from detention). However, this was not simply an "oversight." The Children's Court Rules are not without guidance as to the appropriate remedy. Rule 10–117 provides:

**Harmless error; failure to comply with time limits.**

Error or defect ... by the court ... *including failure to comply with time limits is not grounds for granting a new hearing or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, or for dismissing an action,* unless refusal to take any such action appears to the court inconsistent with substantial justice or unless these rules expressly provide otherwise.

(Emphasis added.) This rule plainly states that dismissal of charges or vacating a judgment is not warranted when the children's court "fail[s] to comply with time limits." Moreover, as noted in Judge Castillo's dissent, the history of Rule 10–229 and its predecessors suggest dismissal is *not* the correct remedy. *Stephen F.*, 2005–NMCA–048, ¶ 43 (Castillo, J., dissenting). The intent behind Rules 10–117 and 10–229, to avoid unnecessary dismissals, is completely in step with the goals of a balanced and accountable juvenile justice system.

{17} If dismissal is not the appropriate remedy, we look to the rule itself for guidance. In the preceding subsection to Rule 10–229(C), the rule plainly states that the remedy is release from detention when the 30–day time limit for beginning a dispositional proceeding is violated, and that the child is to remain out of detention "until the dispositional hearing can be commenced." Rule 10–229(B). These two Subsections, (B) and (C), must be read *in pari materia,* and not as contrary to one another. *Walker,* 2003–NMSC–014, ¶ 11 (noting the same rules of construction that are applied to statutes are used to construe rules of procedure); *State v. Rivera,* 2004–NMSC–001, ¶ 13, 134 N.M. 768, 82 P.3d 939 (observing that a statutory subsection should not be read in a vacuum, but in reference to the statute as a whole). Read in context with the whole rule, Subsection (C) provides a different, longer time limit when the court finds it necessary to commit a

delinquent child for diagnosis, presumably because diagnosis may lead to inevitable delay. Subsection (C) does not provide its own remedy for noncompliance, but given the caution against dismissals in Rule 10–117, the most appropriate place to look would be the remedy set forth in the companion subsection, Rule 229(B), which provides for release from custody.

{18} That release from detention is the appropriate remedy is evident because "[t]here is no time limit for the dispositional hearing of children who are *not in detention* or undergoing diagnosis." Rule 10–229 committee commentary (emphasis added). For a child who is not in detention, the dispositional hearing must only be held within a reasonable time. *See* NMSA 1978, § 32A–2–16(H) (1993). The purpose of the time limits in Rule 10–229, therefore, is to protect a child in detention, so that the child does not remain there indefinitely while reports and other evidence relevant to a disposition are compiled. When the court or the state is unable to present this evidence or commence the hearing within the time required, as explained by Rule 10–229(B), the child should be released from detention until the hearing can proceed.[2] To the extent any language in the committee commentary to Rules 10–117 and 10–229 suggest to the contrary, we expressly disavow such language and encourage the committee to make any necessary changes. *See Stephen F.*, 2005–NMCA–048, ¶ 41 (Castillo, J., dissenting).

## CONCLUSION

{19} We affirm the Court of Appeals insofar as it concluded that the time limit in Rule 10–229(C) applies to this case. We reverse the Court of Appeals insofar as it concluded that dismissal was the proper remedy. Since the Court of Appeals opinion was dispositive of the case, it did not reach the other issues raised by Child. Having reversed the dis-

---

**2.** Just this year, to eliminate any confusion or ambiguity, we clarified that release from detention is the remedy for a violation of Rule 10–229(C) by expressly stating so in that subsection. Effective for cases filed on or after March 15, 2006, Rule 10–229(C) now includes the following provision:

If the hearing is not recommenced within the time specified in this paragraph, unless the

child has agreed to the delay or has been responsible for the failure to comply with the time limits, the child shall be released from detention on such conditions as appropriate until the dispositional hearing can be commenced.

Vol. 45, No. 7, SBB 18–19 (Feb. 13, 2006).

missal of the proceedings below, we remand to the Court of Appeals to resolve those remaining issues.

{20} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and EDWARD L. CHÁVEZ, Justices.