This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 32,406**

**BAILEE F.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

After a jury trial, Child was adjudicated to have committed the delinquent act of public affray, pursuant to NMSA 1978, Section 30-20-02 (1963); she was found not to have committed the delinquent act of battery upon a school employee. [RP 102] This Court's calendar notice proposed summary affirmance. [CN 1] Child has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

**<u>Issue 1 - Child was not entitled to a twelve-member jury.</u>** In her memorandum, Child continues to argue that the district court erred in refusing to grant her a twelve-member, rather than a six-member jury, relying on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 5-7] We affirm the district court on this issue.

NMSA 1978, Section 32A-2-16(A) (2009) specifically provides that

> A delinquent child facing a juvenile disposition shall be entitled to a six-member jury. If the children's court attorney has filed a motion to invoke an adult sentence, the child is entitled to a twelve-member jury.

Child relies on New Mexico Constitution, Article II, Section 12 [DS 4], to argue that she was entitled to a twelve-member jury.

> The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate. In all cases triable in courts inferior to the

2

district court the jury may consist of six. The legislature may provide that verdicts in civil cases may be rendered by less than a unanimous vote of the jury.

*Id.* In *State v. Muniz*, 2003-NMSC-021, ¶ 6, 134 N.M. 152, 74 P.3d 86, *superceded by statute as stated in State v. Jones*, 2010-NMSC-012, 148 N.M. 1, 229 P.3d 474, our Supreme Court discussed the difference in the jurisdiction of district courts as opposed to children's courts with regard to the three classes of juvenile offenders: serious youthful offenders, youthful offenders, and delinquent offenders. "Serious youthful offenders are tried in district court rather than children's court and, if convicted of first degree murder, face adult sentences." *Id.* "Youthful offenders" are tried in children's court, which "must determine whether the child is amenable to treatment or rehabilitation as a child in available facilities." *Id.* (internal quotation marks and citation omitted). "Children who commit other, non-designated crimes are classified as 'delinquent offenders[]' and are subject to juvenile dispositions only." *Id.* (citation omitted). "For those children, the children's court has no jurisdiction to impose an adult sentence." *Id.*

In this case, the petition alleged Child to be "a delinquent child." [RP 1-2] Section 32A-2-16(A) specifically provides that

A delinquent child facing a juvenile disposition shall be entitled to a six-member jury. If the children's court attorney has filed a motion to invoke an adult sentence, the child is entitled to a twelve-member jury.

3

Child filed a demand for a jury trial [RP 18] and was afforded a six-member jury. Moreover, it does not appear that the State filed a motion to invoke an adult sentence in this case such that Child would have been entitled to a twelve-member jury. *See id.*

We affirm the district court on this issue.

**Issue 2 - Insufficient evidence.** Child contends that there was insufficient evidence to find Child had committed the delinquent act of public affray when all the witnesses testified that Destinii S. approached Child and was the initial aggressor toward Child. [DS 4] In her memorandum, Child points out that she testified that Destinii S. challenged Child to fight at least twice and that she declined to do so. [MIO 1] She further testified that after Destinii S. insulted and pushed her she removed her high heels so as to better be able to defend herself. [Id.] Child also testified that she stood to defend herself, and the girls fought. [Id.] Child asserts that while the prosecutor argued that Child's acts of standing up and kicking off her shoes demonstrated her agreement to fight, the "only actual evidence before the jury, however, was that [Child] did *not* want to fight[.]" [MIO 4] We are not persuaded.

"The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v.*

4

*Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). When considering the sufficiency of the evidence, the appellate courts do not "evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (internal quotation marks and citation omitted). Instead, we "view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict[,]" *id.*, while at the same time asking whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 7 (emphasis, internal quotation marks, and citation omitted). We measure the sufficiency of the evidence against the jury instructions. *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

In this case, however, although a jury trial was held and the district court read instructions to the jury [RP 136-37 (3:00:01 PM - 3:08:28 PM)], no jury instructions were filed in the record proper for this Court to review. Moreover, Child's docketing statement does not explain how the jury was improperly instructed, and Child did not file a copy of any requested and rejected jury instructions. To the extent Child

5

continues to argue that the only evidence presented supported that she acted in self-defense [MIO 1, 4], we disagree.

Section 30-20-2 provides that

> Public affray consists of two or more persons voluntarily or by agreement engaging in any fight or using any blows or violence toward each other in an angry or quarrelsome manner in any public place, to the disturbance of others.

> Whoever commits public affray is guilty of a petty misdemeanor.

The State presented testimony that at a high school campus in Lincoln County, New Mexico, on or about October 31, 2011, Desirii S. was angry with Child about texting a boy she was interested in or considered to be her boyfriend. [DS 3] Desirii S. approached Child who was sitting at a table outside and pushed her; Child kicked off her shoes, stood up, and the two girls physically and violently fought each other while several students watched. [RP 128-34] The attorneys discussed whether self-defense was legally a defense to public affray. [RP 135] In any case, however, besides the elements of public affray, the district court instructed the jury that they must also find that Child did not act in self-defense "due to the pushing." [RP 136 (2:32:47 PM)]

While there was evidence that Child acted in self-defense sufficient to support a jury instruction, the jury rejected Child's characterization of the events. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as

6

long as there is sufficient evidence to support the verdict."), *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). We hold that, based on the evidence presented, the jury could reasonably infer that Child and Desirii S. "voluntarily or by agreement engag[ed] in [a] fight or us[ed] blows or violence toward each other in an angry or quarrelsome manner in any public place, to the disturbance of others." Section 30-20-2. In this case, the "agreement" to fight could be inferred to have occurred the minute Child took off her shoes, stood up, and fought.

**CONCLUSION**

We affirm the disposition finding that Child committed the delinquent act of public affray as supported by substantial evidence.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

7

_____
**LINDA M. VANZI, Judge**