This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                NO. 31,963

**JUAN MOTA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Edward O. Bustamante
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant Juan Mota appeals from a conditional discharge order entered after

he conditionally pled guilty to possession of marijuana with intent to distribute. He argues that the district court erred by denying his motion to suppress evidence obtained pursuant to a search warrant. For the reasons that follow, we reverse the district court's denial of Defendant's motion to suppress.

**BACKGROUND**

{2} We provide only a brief discussion of the background of this case because the parties are familiar with the facts and proceedings and because this is a memorandum opinion.

{3} On October 15, 2009, Detective S. Covington of the Bernalillo County Sheriff's Office prepared an affidavit for a search warrant to search Defendant's residence. According to the affidavit, Detective Covington was contacted by a confidential informant (CI) two days earlier. The CI informed Detective Covington that it had known Defendant for at least six months, it had an ongoing relationship with Defendant, it had been to Defendant's residence, it had first-hand knowledge that Defendant kept money and marijuana at his residence, and within the past seventy-two hours, the CI had purchased over eight ounces of marijuana from Defendant at Defendant's mother's residence. According to the CI, Defendant indicated that he had "several additional pounds of marijuana" and Defendant offered to sell the CI additional marijuana for $450 per pound. The CI stated that, on several occasions, it

had purchased drugs from Defendant at Defendant's mother's residence. The CI explained that Defendant used his mother's residence as a meeting place for his drug transactions to avoid detection by law enforcement of his own residence.

{4} Based on the information contained in the affidavit, a district court judge issued a search warrant for Defendant's residence. During the course of the search of Defendant's residence, officers found marijuana and drug paraphernalia. Defendant was charged with one count of possession of a controlled substance with intent to distribute (marijuana) and one count of possession of drug paraphernalia.

**SUFFICIENCY OF THE AFFIDAVIT**

{5} Defendant argues that the information contained in the affidavit for the search warrant did not provide probable cause for the issuance of a search warrant. We review the sufficiency of an affidavit submitted in support of the issuance of a search warrant under a substantial basis standard. *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. This standard, however, "does not preclude the reviewing court from conducting a meaningful analysis of whether the search warrant was supported by probable cause." *Id.*

**{6}** We do not substitute our judgment for that of the issuing court. *Id.* ¶ 29. Instead, we "must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* Our review is limited to the contents of the affidavit in support of the search warrant. *State v. Haidle*, 2012-NMSC-033, ¶ 10, 285 P.3d 668.

**{7}** In this case, Defendant claims that the district court erred in denying his motion to suppress because the affidavit in support of the search warrant failed to provide a substantial basis for the issuing judge to believe the informant (1) had a factual basis for the information he or she provided and (2) was credible. *See State v. Cordova*, 1989-NMSC-083, ¶¶ 3, 6, 17, 109 N.M. 211, 784 P.2d 30 (retaining the two-prong test often referred to as the "basis of knowledge" and "veracity" (or "credibility") requirements for evaluating information from hearsay sources); Rule 5-211(E) NMRA (providing that when a showing of probable cause depends in whole or in part on hearsay, the affidavit in support of a search warrant must show "a substantial basis . . . for believing that there is a factual basis for the information furnished" and "for believing the source of the hearsay to be credible").

**{8}** The State asserts that it is not necessary for this Court to review the "basis of knowledge" and "credibility" claims, because the State concedes that the district

4

court's order denying Defendant's motion to suppress should be reversed on other grounds. According to the State, the information in the affidavit was stale as it related to Defendant's residence, so there was no probable cause to issue the search warrant. *See State v. Gonzales*, 2003-NMCA-008, ¶ 11, 133 N.M. 158, 61 P.3d 867 ("Probable cause to issue the warrant requires a factual showing that, at the time of the application for the warrant, evidence relating to the commission of a crime exists on the premises sought to be searched."), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. Specifically, the State asserts that "the affidavit failed to establish a substantial basis for believing marijuana, money and other items associated with drug trafficking would be found at Defendant's residence." *See State v. Vest*, 2011-NMCA-037, ¶¶ 21-22, 149 N.M. 548, 252 P.3d 772 (holding that the affidavit was insufficient to support a finding of probable cause to issue a search warrant for the defendant's residence because the affidavit lacked information indicating that the defendant "had present possession of marijuana"); *State v. Rubio*, 2002-NMCA-007, ¶ 5, 131 N.M. 479, 39 P.3d 144 ("When an affidavit for a search warrant does not contain sufficient information of ongoing criminal activity, there is no probable cause for the issuance of the search warrant.").

{9}     Although we are not bound by the State's concession, *see State v. Muniz*, 2003-NMSC-021, ¶ 5, 134 N.M. 152, 74 P.3d 86, *superseded by statute on other*

*grounds as stated in State v. Jones*, 2010-NMSC-012, ¶ 19, 148 N.M. 1, 229 P.3d 474, we agree and reverse the district court's order denying Defendant's motion to suppress because the information in the affidavit was stale. We appreciate the State's candor to the Court.

{10}   We recognize that the CI purchased marijuana from Defendant within the previous seventy-two hours, but this drug transaction occurred at Defendant's mother's residence—not at Defendant's residence. *See Gonzales*, 2003-NMCA-008, ¶ 12 (stating that the issuing judge "must have sufficient facts upon which to conclude that there is a reasonable probability that evidence of a crime will be found in the place to be searched"). We also understand that Defendant had indicated that he had several additional pounds of marijuana to sell, but it is not clear where the marijuana was located.  To the extent that the CI stated that he knew Defendant for at least six months, the CI had been to Defendant's residence, and the CI had first-hand knowledge that Defendant kept money and marijuana at his residence, it is unclear when the CI last visited Defendant's residence, when or if the CI saw money and marijuana at Defendant's residence, or how the CI had first-hand knowledge that Defendant kept money and marijuana at his residence.  Without these details, the affidavit failed to provide sufficient information of ongoing criminal activity at Defendant's residence. *See State v. Powell*, 1981-NMCA-090, 96 N.M. 569, 632 P.2d

1207 (holding that the information in the affidavit in support of a search warrant to search the defendant's residence was stale because the information related to criminal drug activity was six months old).

**CONCLUSION**

{11}     For the reasons set forth above, the district court's denial of Defendant's motion to suppress is reversed.

{12}     **IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**



_____
**J. MILES HANISEE, Judge**