# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2019-NMCA-067

Filing Date: June 4, 2019

No. A-1-CA-37339

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

      Petitioner-Appellant,

v.

TANISHA G. and ISSAC G.,

      Respondents-Appellees.

IN THE MATTER OF DAMIAN G.,

      Child.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**John J. Romero, District Judge**

Released for Publication November 12, 2019.

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellant

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellee Tanisha G.

Roybal-Mack & Cordova, P.C.
Antonia Roybal-Mack
Albuquerque, NM

for Appellee Issac G.

Peter G. Tasso
Albuquerque, NM

Guardian Ad Litem

**OPINION**

**DUFFY, Judge.**

**{1}**     The district court dismissed with prejudice the New Mexico Children, Youth and Families Department's (CYFD) abuse and neglect petition against Tanisha G. (Mother) and Issac G. (Father, and collectively, Parents) for failure to timely adjudicate the petition within sixty days as required by Rule 10-343 NMRA and NMSA 1978, Section 32A-4-19(A) (2009) of the Abuse and Neglect Act, NMSA 1978, §§ 32A-4-1 to -35 (1993, as amended through 2018). CYFD appeals the district court's dismissal and contemporaneous refusal to grant CYFD's oral motion for an extension of time pursuant to Rule 10-343(D). We affirm.

**BACKGROUND**

**{2}**     CYFD took Child, then age four, into custody on January 26, 2018, after the Bernalillo County Sheriff's Office executed a warrant for Father's arrest, leaving no caregiver in the home to care for Child. On January 30, 2018, CYFD filed an abuse and neglect petition alleging that Mother was homeless and had left Child in Father's care, and that Mother had tested positive for certain controlled substances. CYFD further alleged that the conditions in Father's home were dangerous. A CYFD investigator provided a detailed description, stating that the home was heated by a single space heater and was very cold; that the home was "extremely cluttered[] and in disarray"; that there was uneaten old, moldy food on the kitchen counter and no clean place for Child to sleep; and that drug paraphernalia (needles and pipes) were found inside the home and in the yard, and potentially dangerous tools ("axes[,] hatchets, screwdrivers, and knives") were strewn throughout the yard. Father argued that the police had "torn up" the home when executing the warrant and CYFD's impressions were inaccurately based on conditions as altered by the police.

**{3}**     Parents were served with the petition on February 6, 2018. By that time, Father had been released from custody and the charges against him dropped; his arrest was apparently the product of mistaken identity. The following day, Parents attended a custody hearing before a special master, who, in compliance with the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901 to 1963 (2018), and Rule 10-315(D) NMRA, asked about Parents' Native American ancestry to determine whether ICWA applied in this case. *See* 25 C.F.R. § 23.107(a) (2018) (stating that state courts must ask whether participants in a custody proceeding know or have reason to know that the child is an Indian child). Father testified about his Native American ancestry, stating that

his mother is "Navajo-Apache," that his maternal grandmother was "full" and his maternal grandfather was "half." Based on this testimony, the special master found that there was "reason to know" that Child is an Indian child and that ICWA applies. *See* § 1903(4) (defining "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe"); NMSA 1978, § 32A-1-4(L) (2016) (same). CYFD's attorney stated that it would "abide" by the ICWA finding. The district court adopted the special master's recommendations, as set forth in an order prepared by CYFD during the hearing, and entered a temporary custody order on February 8, 2018, which included a finding that Child is an Indian child. The court further ordered that "[b]ecause there is reason to know [C]hild meets the definition of Indian child as set forth in ICWA, the [c]ourt shall treat [C]hild as an Indian child subject to [ICWA] unless and until it is determined on the record that [C]hild does not meet the definition of an Indian child under applicable law." The custody order stated that Child shall remain in CYFD's custody pending adjudication.

**{4}** In the ensuing seventy-seven days, the parties appeared for three hearings: a status conference on February 27, 2018, and two adjudicatory hearings that had been set for April 2, 2018, and April 24, 2018, respectively. The district court declined to commence the adjudication on either April 2 or April 24, however, because although CYFD had mailed ICWA notices to several tribal entities on February 8, 2018, and the tribal entities had received those notices shortly thereafter, CYFD had not filed proof of service to establish receipt in the record.

**{5}** On April 25, 2018, Parents filed separate motions to dismiss, arguing that CYFD had failed to commence the adjudication within sixty days as required by the Abuse and Neglect Act. Section 32A-4-19(A) (stating that "[t]he adjudicatory hearing in a neglect or abuse proceeding shall be commenced within sixty days after the date of service on the respondent"); *see also* Rule 10-343(A) (same). CYFD finally filed proof of service of the ICWA notices on April 26, 2018, but filed no response to either of the motions to dismiss.

**{6}** The district court heard the motions to dismiss on the morning of May 24, 2018, at which time CYFD orally moved for an extension of time to commence the adjudicatory hearing. The district court denied CYFD's request, noting that the court and parties had attempted multiple times to commence the adjudication, that CYFD's failure to comply with ICWA's notice requirements had precluded the court from timely adjudicating the matter, that the court had reminded CYFD that the time limits were running, and that CYFD had failed to file a motion to extend the time limits when the parties were last in court.[1] The district court granted the Parents' motions to dismiss the petition with prejudice.

**{7}** Hours later, Father filed an emergency motion for contempt of court, stating that arrangements had been made for Child to be reunited with Parents at 11:15 a.m., but

---

[1] The district court mistakenly believed that Parents were served with the petition on February 26, 2018, when in fact they had been served on February 6, 2018, which meant that the sixty-day time limit ran on April 9, 2018.

CYFD refused to return Child. The district court conducted an emergency hearing at 3:00 p.m., during which CYFD stated that it intended to file a motion to reconsider or, alternatively, to stay the judgment. The district court admonished CYFD for keeping Child without jurisdiction and ordered reunification before 5:00 p.m. that day, which occurred. CYFD appeals the district court's dismissal order.

## DISCUSSION

### I.  The District Court Did Not Err in Applying ICWA

{8}     We review de novo the "interpretation of ICWA and its relationship to our state statute on abuse and neglect." *In re Esther V.*, 2011-NMSC-005, ¶ 14, 149 N.M. 315, 248 P.3d 863. CYFD asserts that the district court erred in applying ICWA to these proceedings because Child is not an "Indian child." However, CYFD stipulated to the special master's finding at the custody hearing that there was "reason to know" Child is an Indian child and did not appeal the resulting custody order. *See* § 32A-4-18(I) (stating that a party aggrieved by a custody order "shall be permitted to file an immediate appeal as a matter of right"); Rule 10-315(I) (stating that a custody order may be appealed as provided by Section 32A-4-18(I)); Rule 12-206.1(C) NMRA (stating that an appeal of a custody order shall be initiated within five days after the order is entered). CYFD, instead, made two oral challenges to that finding after the deadline for appeal had passed, neither of which was sufficient to comply with the standard set forth in the applicable federal regulation, 25 C.F.R. § 23.107, which required the district court to

> [c]onfirm, by way of a report, declaration, or testimony included in the record that [CYFD] or other party used due diligence to identify and work with all of the Tribes of which there is reason to know the child may be a member (or eligible for membership), to verify whether the child is in fact a member (or a biological parent is a member and the child is eligible for membership)[.]

25 C.F.R. 23.107(b)(1); *see also* Rule 10-315(F)(1) (same); *cf. State, ex rel. Children, Youth & Families Dep't v. Nathan H.*, 2016-NMCA-043, ¶ 19, 23, 370 P.3d 782 (holding, despite an initial determination to the contrary, that ICWA did not apply because the Navajo Nation determined the children were not eligible for enrollment).

{9}     As an initial matter, CYFD's challenges to the ICWA finding were made in April and May 2018, well after the sixty-day time limit to hold the adjudicatory hearing had expired, and are therefore procedurally deficient, as we discuss more fully below. In substance, they also fail. At the April 24, 2018 hearing, CYFD made an offer of proof regarding its investigator's efforts to speak with Child's paternal grandmother, and the district court correctly found that the proffer was inadequate to comply with the standard set forth in 25 C.F.R. § 23.107(b)(1). CYFD made no proffer in support of its May 24, 2018 challenge. Consequently, we conclude that CYFD's challenges to the district court's ICWA determination present no basis for reversal.

## II. The District Court Did Not Err in Denying CYFD's Oral Motion for an Extension of Time

**{10}** CYFD further argues that the district court improperly denied its oral request for an extension of time to commence the adjudicatory hearing. The Abuse and Neglect Act and the rules applicable to this proceeding mandate that the adjudicatory hearing be commenced within sixty days after the date of service on Parents or "the petition *shall* be dismissed with prejudice." Section 32A-4-19(D) (emphasis added); Rule 10-343(E)(2) (same). While Rule 10-343(D) allows for extensions of time to commence an adjudicatory hearing, CYFD's May 24, 2018, oral motion for an extension occurred more than 100 days after Parents were served and the district court concluded that Rule 10-343 afforded it no discretion to consider CYFD's request. We review for abuse of discretion the district court's decision to dismiss the petition for abuse and neglect and to deny CYFD's motion for extension of time. *See State, ex rel. Children Youth & Families Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 23, 149 N.M. 472, 251 P.3d 729. The district court's application of the children's court rules, however, presents a pure question of law that we review de novo. *Id.* ¶ 10.

**{11}** Rule 10-343 has undergone a series of revisions over the last decade and we address for the first time the current iteration, adopted in 2015, which sets forth the procedure for parties seeking an extension of time to commence the adjudication and the remedies available to the district court in the event of noncompliance with the time limits. Rule 10-343(D), (E); *cf. Arthur C.*, 2011-NMCA-022, ¶¶ 12-14 (discussing 2009 version of Rule 10-343, which made dismissal for noncompliance with the adjudicatory time limit discretionary). We begin with the procedural requirements of the rule, which states in relevant part:

> The motion [for an extension of time] shall be filed within the applicable time limit prescribed by this rule, except that it may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or trial court which justify the failure to file the motion within the applicable time limit.

Rule 10-343(D). The applicable time limits are found in Rule 10-343(A), which requires that an adjudicatory hearing be commenced within sixty days from four possible accrual dates, including, as relevant here, the date that Parents were served with the abuse and neglect petition. *See* Rule 10-343(A)(1). Although Rule 10-343(D) requires that a motion for an extension be filed within the applicable sixty-day period to commence an adjudicatory hearing, the rule also contemplates that the motion may be filed within ten days after the expiration of that time limit under a "grace period" for exceptional circumstances.

**{12}** Subsection (E) of Rule 10-343 goes on to provide the district court with two instructions for addressing non-compliance with the time limits. The first, Rule 10-343(E)(1), affords the district court discretion to deny an "untimely" motion for extension of time or grant the motion and impose other sanctions or remedial measures as

appropriate. The second, Rule 10-343(E)(2), is nondiscretionary and states that "[i]n the event the adjudicatory hearing on any petition does not commence within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice." This case highlights an apparent conflict in the rule where the motion for an extension is made after the ten-day grace period. Rule 10-343(E)(1) and (E)(2) appear to provide conflicting instructions to the district court—the former allows the district court to consider and grant the motion, while the latter requires dismissal.

**{13}** We are required to read these two Subsections, (E)(1) and (E)(2), *in pari materia*, however, and not as contrary to one another. *See State v. Stephen F.*, 2006-NMSC-030, ¶ 17, 140 N.M. 24, 139 P.3d 184 (noting the same rules of construction that are applied to statutes are used to construe rules of procedure). A compatible reading turns on the construction and parameters of what an "untimely" motion is. An interpretation that views "untimely" to mean any motion filed after day sixty for purposes of Subsection (E)(1) would render Subsection (E)(2)'s mandatory dismissal language meaningless. Consequently, there must exist an outer boundary for an "untimely" motion within the meaning of Subsection (E)(1), and we find guidance in the rule itself. The rule defines a timely motion as one filed within the applicable time limit for commencing an adjudicatory hearing, but allows for motions to be filed up to "ten (10) days *after the expiration of the applicable time limit.*" Rule 10-343(D) (emphasis added). Thus, motions filed within the grace period are defined by the rule as "untimely," but are nevertheless contemplated under exceptional circumstances. In contrast, the rule does not address or expressly authorize any motion for an extension filed after the ten-day grace period for any reason. This omission leads us to conclude that the rule does not allow the district court to consider a motion for an extension after the ten-day grace period has expired. Motions filed within the ten-day grace period are therefore the only "untimely" motions for which the district court has discretion to grant or deny under Rule 10-343(E)(1). Our interpretation furthers timely adjudication on the merits, which serves the fundamental interests of parents and children in these proceedings. *See State ex rel. Children, Youth & Families Dep't v. Browind C.*, 2007-NMCA-023, ¶ 23, 141 N.M. 166, 152 P.3d 153 (stating that the Abuse and Neglect Act's "paramount concern is the health and safety of the child"); *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 24, 136 N.M. 53, 94 P.3d 796 ("[T]he parent-child relationship is one of basic importance in our society . . . sheltered by the Fourteenth Amendment against the [s]tate's unwarranted usurpation, disregard, or disrespect." (internal quotation marks and citation omitted)).

**{14}** CYFD's oral motion for an extension in this case does not meet the definition of an "untimely" motion for purposes of Rule 10-343(E) because it was filed more than 100 days after Parents were served, well outside the ten-day grace period set forth in Rule 10-343(D). Consequently, as the district court correctly observed, it lacked discretion under the rule to consider the motion. The district court properly applied Rule 10-343(E)(2)'s mandate and dismissed this case with prejudice for failure to timely commence the adjudicatory hearing.

**{15}** Finally, we briefly address CYFD's assertion that the district court "was . . . inexplicably dismissive of [CYFD]'s concerns for Child's welfare, which is not only an abuse of discretion, but demonstrates a conscious disregard by the [district] court of its statutory duty to ensure that 'a child's health and safety shall be the paramount concern.' " Contrary to CYFD's characterization, however, we note that the district court heard from Father's attorney that the conditions in the home had been remedied. The guardian ad litem (GAL) reiterated that Parents' attorneys had suggested that the home was now clean and safe for Child. The GAL stated that Child and Parents share a strong bond and that Child was suffering from anxiety due to his separation from Parents. The GAL believed it was safe to return Child to Parents. Moreover, the criminal allegations against Father, which had brought Child into CYFD's custody in the first place, were a product of mistaken identity and had been dismissed months earlier. Based upon this testimony, we disagree with CYFD's characterization that the district court disregarded Child's health and safety.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm.

**{17}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**